Darrell DeWayne RODGERS, Appellant,

v.

The STATE of Texas, State.

Nos. 2–94–080–CR, 2–94–081–
CR and 2–94–082–CR.

Court of Appeals of Texas,
Fort Worth.

July 6, 1995.

William H. "Bill" Ray, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chiefs Appellate Section, John A. Stride, Greg Pipes, Tim Bednarz, Asst. Dist. Attys., for State.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant, Darrell DeWayne Rodgers, was charged by indictment with the offense of aggravated robbery in three separate cases. All three cases arose out of the same transaction and were tried at the same time. Appellant pled guilty before a jury and the jury sentenced him to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises a single point of error, complaining that the trial court failed to admonish him as required under article 26.13(a) of the Texas Code of Criminal Procedure. We affirm.

Lee Malins arrived at the 7–Eleven store he managed at a little before 7:00 a.m. He began checking the soda stocks and checked to make sure the night clerk had performed her duties. Brenda Love, the night clerk, was still in the store. Out of the corner of his eye, Malins saw Appellant approaching with a small caliber revolver in his hand. Appellant placed the gun against Malins' head and ordered Love to give him the money from the cash register. Love surrendered both $5.00 bills, and Appellant put them in his pocket.

Apparently dissatisfied with the meager return, Appellant asked for the money from the Lotto safe. There was none. Appellant then ordered Love to check under the cash register drawer. Again, the cupboard was bare. Unwilling to leave empty handed, Appellant demanded Malins' wallet, but Malins had forgotten to bring it that day. Not to be deterred, Appellant asked for Malins' car keys. When Appellant learned that Malins was not carrying his keys, he turned to Love and asked for her car keys. Love did not have her keys either. Appellant then turned to the store customers and asked for their keys, but they refused to surrender them.

Appellant decided to take Malins and Love back to the office to retrieve Malins' keys, but Love refused to leave the counter. Frustrated, Appellant left the store. Outside, Appellant encountered Kirk Randolph. He thrust his gun into Randolph's chest and demanded his car keys. Randolph surrendered the keys and Appellant climbed into the car. To his increasing frustration, Appellant could not figure out how to start the car, so Randolph started the car for him. Unlike the vehicles that Appellant was apparently accustomed to, Randolph's car had a standard transmission, rather than automatic. Although Appellant attempted to drive the car off, he was unable to manage the complicated gearshift. Twice Appellant returned to the store, his frustration mounting to the breaking point, and pointed the gun at Love and Malins. Waving his gun and using invective, Appellant told Love to move away from the telephone.

Finally, Appellant ordered Randolph to get into the car to act as his chauffeur. Randolph did indeed get into the car, but sped away from the store before Appellant could join him in the vehicle. Not to be deterred in his plan to drive away from the store, Appellant attempted to take a pickup and scuffled with its driver. He lost the battle. Finally, admitting defeat, Appellant took off running. By this time, a number of police officers had been made aware of the situation. They pursued Appellant, but Appellant was more successful on foot than he had been in his attempts at a vehicular departure. Approximately two and one-half hours later, Officer Lloyd Easter, who had remained quietly in the area of the store, saw Appellant in an open field. Easter sprinted after Appellant, caught up with him, and arrested him. The fully loaded gun that Appellant had brandished earlier and the holster for the gun were discovered in the yard of a nearby home.

At trial, but prior to jury selection, Appellant entered an open plea of guilty and, there being no plea bargain agreement, elected to have the jury assess his punishment. The trial court admonished Appellant of the consequences of his guilty plea in each case and accepted his plea. Appellant contends that

the trial court did not properly admonish him of the consequences of his guilty pleas as required by article 26.13(a)(4) of the Texas Code of Criminal Procedure, which provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

. . . .

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989).

In compliance with article 26.13(a)(4), the court inquired whether Appellant was a citizen of the United States at the time of trial. Appellant's reply was "Yes."

The Court of Criminal Appeals has addressed this issue, holding that the complete failure to comply with an admonishment required by 26.13 requires reversal. *Ex parte Cervantes*, 762 S.W.2d 577, 578 (Tex.Crim. App.1988). The court further found that admonishments that substantially comply with article 26.13 are sufficient. *Id.* In *Hughes v. State*, 833 S.W.2d 137, 140 (Tex.Crim.App. 1992), the Court of Criminal Appeals reaffirmed the holding in *Cervantes*. In *Hughes*, the appellant contended the trial judge did not substantially comply with article 26.13(a)(1). The Court of Criminal Appeals stated:

Substantial compliance will only be found where a trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. Conversely, it will not be found where a trial court wholly fails to admonish the defendant on punishment.

*Id.*

In *Morales v. State*, 872 S.W.2d 753 (Tex. Crim.App.1994), the court again addressed the issue of admonishments required by article 26.13(a)(4). The court reiterated its position in *Hughes* and in *Ex parte Cervantes*.

Whereas article 26.13(c) provides that the admonishments will be sufficient if the trial judge substantially complies with the admonishments required by article 26.13(a), if there is a total failure of the trial court to admonish the defendant as required by article 26.13(a), a prima facie case is made and there is no requirement that Appellant show harm. In interpreting article 26.13(c), the Texas Court of Criminal Appeals has also held that a court substantially complies with article 26.13 when an admonishment not given is immaterial to the plea. *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App. [Panel Op.] 1979). In contrast to the situation in *Morales* where the record was silent as to the defendant's citizenship, the record before us affirmatively shows that Rodgers is a United States citizen and not, therefore, subject to deportation, exclusion from admission to this country, or denial of naturalization as a citizen of the United States.

The issue in the case *sub judice*, then, is whether the trial court's inquiry into Appellant's citizenship substantially complied with the mandates of article 26.13(a)(4) when Appellant confirmed that he was a citizen of the United States. Although the Court of Criminal Appeals has not directly addressed this question, this court has held that where the record affirmatively reflects that a defendant is a citizen of the United States, the trial court has substantially complied with article 26.13(a)(4). *See Cain v. State*, 893 S.W.2d 681, 685 (Tex.App.—Fort Worth 1995, pet. granted); The Austin, El Paso, Texarkana, and Beaumont courts have also addressed the issue and reached the same conclusion. *See Dixon v. State*, 891 S.W.2d 783, 784 (Tex.App.—Austin 1995, no pet.); *Dominguez v. State*, 889 S.W.2d 13, 16 (Tex.App.—El Paso 1994, no pet.); *Mitchell v. State*, 848 S.W.2d 917, 919 (Tex.App.—Texarkana 1993, pet. ref'd); and *Foster v. State*, 817 S.W.2d 390, 392 (Tex.App.—Beaumont 1991, no pet.).

We hold that by inquiring into the citizenship of Appellant, the trial court substantially complied with article 26.13(a)(4) and further admonishment was immaterial to his plea . We find this only because Appellant affirmed that he was a citizen of the United States. Although the better practice is to comply with the statute and to give the admonishment as required by article 26.13(a)(4), the clear intent of the provision was to prevent a plea of guilty that results from ignorance of the consequences. Statutes are presumed to mean what they say, and the admonishment is clearly required by statute. To reverse this case on a plea of guilty that was in all ways freely and voluntarily entered with no unforeseen negative repercussions, except a thirty-year sentence, would be to exalt form over substance. It would be akin to requiring a defendant who was charged with aggravated robbery to be admonished of the range of punishment for sexual assault. The admonishment would be in no way material to his plea. For the same reason, once the trial court was convinced Appellant was a citizen of the United States, the consequences of a plea entered by a noncitizen were immaterial to the voluntariness of Appellant's plea. The judgment of the trial court is affirmed.