**Roger Dale FREGIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–114 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted March 17, 1995.

Decided June 28, 1995.

Motion for Rehearing Overruled
July 20, 1995.

Frank Hughes, Crosby, for appellant.

R.F. "Bo" Horka, Dist. Atty., Kountze, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal primarily of a revocation of probation and, as we view the record, to appeal the initial plea bargain agreement whereby appellant was assessed punishment of ten years unadjudicated probation.

On March 1, 1990, the appellant entered a plea of no contest to a charge of theft of over $750 but less than $20,000. The indictment alleged the theft of a piece of equipment that was owned by Russell Clymer. Pursuant to a plea bargain agreement, the appellant was placed on deferred adjudication for an initial term of 10 years.

On October 28, 1993, the State filed a motion to revoke probation, alleging that the appellant had violated the conditions of his probation in that:

1. a. The Defendant, Roger Dale Fregia, on or about May 15, 1990, committed the offense of Burglary of a Building in Liberty County, Texas;

   b. The Defendant, Roger Dale Fregia, on or about November 4, 1991, committed the offense of Theft in Hardin County, Texas.

3. The Defendant, Roger Dale Fregia, on or about November 4, 1990, failed to avoid persons or places of disreputable or harmful character by being in the Starlite Club in Hardin County, Texas during business hours.

On January 26, 1994, a hearing was held on the State's motion to revoke probation. At that hearing the State elected to abandon 1–b and part 3, going forward only on 1–a. The appellant pleaded true to the allegation in the State's motion. Following the evidentiary hearing the trial court revoked the appellant's probation and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice.[1]

Subsequently, on February 10, 1994, the appellant filed his motion for new trial. The trial court on February 15, 1994, denied the motion without a hearing.

Thereafter, on March 3, 1994, appellant filed an instrument entitled, "Defendents (sic) Request For Permission To Appeal." Said request was filed "pursuant to Rule 40(b)" of the Texas Rules of Appellate Procedure. Appellant's reliance on this particular provision is entirely misplaced. The pertinent portion of TEX.R.APP.P. 40(b) reads as follows:

[I]f the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does

---

1. The written judgment reflects that the trial court did adjudicate appellant's guilt prior to sentencing him.

not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

It is clear that the language of Rule 40(b) quoted above applies to the appellant attempting to appeal from an order of probation in which the trial court followed the punishment recommendation of the parties. Said language has absolutely no application to attempted appeals from a trial court's subsequent adjudication of an unadjudicated probation. As any attempt by appellant to appeal his unadjudicated probation, granted March 1, 1990, has long since passed, *see* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1995), having the trial court grant his "request" based upon the language in Rule 40(b) is of no consequence to this appeal. Our observation here will become more clear upon examination of our disposition of points of error one and three.

Appellant perfected his appeal and brought forth six points of error as follows:

Point 1—The evidence is factually insufficient to support a finding of guilt.

Point 2—The initial plea of no contest was involuntary.

Point 3—The defendant was denied due process of law as a result of the conscious concealment of exculpatory evidence by the state.

Point 4—The court abused its discretion when it failed to hold a hearing on appellant's motion for new trial, and allowed the motion to be overruled as a matter of law.

Point 5—The court failed to admonish the appellant/defendant in accordance with the mandatory provisions of Texas Code of Criminal Procedure art. 26.13(a)(4).

Point 6—The trial court failed to admonish the appellant/defendant pursuant to Tex. Code Crim.Pro.Ann. art. 42.12# 5 (sic).

Points of error one and three are dismissed, points of error two, four, five, and six are overruled, and the judgment of the trial court is affirmed.

In point of error number one, the appellant contends that "[t]he evidence is factually insufficient to support a finding of guilt." TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1995), provides that upon a motion to adjudicate unadjudicated probation, "[t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination." Appellant simply cannot appeal any issue with regard to why or how the trial court reached its decision to formally find appellant guilty of the original charge.

In the instant case, although appellant complains of the sufficiency of the evidence to prove the charge upon which he has been convicted as opposed to the evidence used to prove he violated the terms of his probation, appellant's brief refers exclusively to evidence elicited during the adjudication hearing. Appellant does not suggest that the evidence adduced during the plea proceeding was insufficient to support his guilt, but instead argues that the evidence was rendered "factually insufficient" by virtue of evidence admitted at the adjudication hearing. There is no right of appeal from this proceeding. *Phynes v. State,* 828 S.W.2d 1 (Tex.Crim. App.1992); *Olowosuko v. State,* 826 S.W.2d 940 (Tex.Crim.App.1992). Point of error one is dismissed.

Appellant's point of error number two alleges that "[t]he initial plea of no contest was involuntary." This point of error must be overruled as appellant fails to cite any constitutional, case, or statutory authority for his argument. As such, appellant has inadequately briefed this point of error and it will not be addressed. *Vuong v. State,* 830 S.W.2d 929, 940 (Tex.Crim.App.), *cert. denied,* 506 U.S. ——, 113 S.Ct. 595, 121 L.Ed.2d 533 (1992); TEX.R.APP.P. 74(f). Point of error number two is overruled.

Point of error number three asserts that "[t]he defendant was denied due process of law as a result of the conscious concealment of exculpatory evidence by the state."

Again, appellant is attempting to go behind the original charge already pleaded to and attack the evidentiary basis for the original theft charge. Article 42.12, § 5(b). Point of error number three is dismissed.

In appellant's point of error number four he states that "[t]he court abused its discretion when it failed to hold a hearing on appellant's motion for new trial, and allowed the motion to be overruled as a matter of law." In *Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993), the Court held that the right to a hearing on a motion for new trial is not an absolute right. The Court further held that a trial court does not abuse its discretion in failing to hold a hearing on a motion for new trial where all matters raised in said motion are determinable from the trial record. *Id.* at 816. In the instant case, testimony was elicited by appellant's trial counsel from the alleged "true owner." In fact, said testimony was elicited solely for mitigation of punishment, not on any substantive issues of guilt/innocence or voluntariness of the original plea. Nevertheless, "voluntariness" of the original plea is the only issue raised in appellant's written motion for new trial. We find the record of the adjudication hearing quite adequate should the trial court have wished to make a determination on appellant's motion for new trial. The trial court did not abuse its discretion in failing to conduct a hearing. Point of error four is overruled.

■ We will now address appellant's point of error number five: "[t]he court failed to admonish the appellant/defendant in accordance with the *mandatory* provisions of Texas Code of Criminal Procedure art. 26.13(a)(4) (emphasis theirs)." The appellant contends that the plea agreement relied upon by the State and the trial court entitled "Guilty Plea Memorandum" does not contain any reference to the deportation provisions in Tex.Code Crim.Proc.Ann. art. 26.13(a)(4) (Vernon 1989). In reviewing the record, we note there is a general reference to "Art. 26.13 C.C.P.", however, there is no specific admonishment as required under art. 26.13(a)(4); nor does the record reflect any attempt to admonish the appellant/defendant orally in accordance with art. 26.13(a)(4).

The Court of Criminal Appeals in *Morales v. State*, 872 S.W.2d 753 (Tex.Crim.App. 1994), held that art. 26.13 governs the admonishments to be given a defendant before his plea of guilty. In *Dominguez v. State*, 889 S.W.2d 13 (Tex.App.—El Paso 1994, no pet.), the court wrote:

This Court, in an opinion affirmed by the Texas Court of Criminal Appeals, has previously addressed the immigration admonishment issue. *Morales v. State*, 838 S.W.2d 272 (Tex.App.—El Paso 1992), aff'd, 872 S.W.2d 753 (Tex.Crim.App.1994). In *Morales*, appellant successfully argued that the trial court committed reversible error by failing to deliver immigration admonishments before accepting her guilty plea. The State asserted that in the absence of evidence indicating that appellant was *not* a United States' citizen, failure to admonish appellant on immigration consequences is harmless error. This Court rejected the State's contention and held that when "there is nothing in the record to show whether appellant is or is not a United States' citizen.... there is nothing to rebut the presumption of materiality of Article 26.13(a)(4)." *Id.* at 276; see also *Elliott v. State*, 874 S.W.2d 238, 241 n. 2 (Tex.App.—El Paso 1994, no pet.).

... Here, appellant is a United States' citizen. The consequences associated with a guilty plea by a noncitizen, (deportation, exclusion from admission to the United States, or the denial of naturalization) are thus irrelevant to the voluntary and knowing nature of Dominguez's plea. See Tex. Code Crim.Proc.Ann. art. 26.13(a)(4). We hold that under these facts, where the trial court fails to admonish a U.S. citizen appellant only as to the immigration consequences of his guilty plea, but gives the other required warnings, there was substantial compliance with Article 26.13. See generally *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App.1994).

Once the State demonstrates substantial compliance with the admonishment statute, the burden of proof shifts to the defendant to affirmatively show he was not aware of the consequences of his plea and that he was misled or harmed by the faulty ad-

monishment. Tex.Code Crim.Proc.Ann. art. 26.13(c); *Tomas v. State*, 707 S.W.2d 221 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Appellant here has not shown he was misled or harmed by the admonishment, or lack thereof, given by the trial court. As the record demonstrates that Dominguez is a United States' citizen, he cannot suffer any of the immigration consequences listed in Article 26.13(a)(4). We therefore hold that the lack of an immigration admonishment was not material to Dominguez's plea of guilt, and his plea was entered knowingly and voluntarily.

*Id.* at 15–16.

It is undisputed that the trial court here did not give appellant any sort of oral or written admonishment as to the immigration consequences of his plea on May 1, 1990, however, the trial court gave the other required warnings; thus, there was substantial compliance with art. 26.13.

The record in the instant case contains State's Exhibits 4 and 5, pre-sentence investigative reports which reveal that the appellant was born in Liberty County, Texas, U.S.A., and is a United States citizen as a matter of law. Therefore, appellant was not misled or harmed by the lack of the deportation admonishment. As the record clearly indicates that appellant Fregia is a United States citizen, he cannot suffer any of the immigration consequences listed in article 26.13(a)(4). We therefore hold that the lack of the deportation admonishment was not material to appellant's plea and his plea was entered knowingly and voluntarily. Appellant's point of error number five is overruled.

Relating to appellant's point of error six which states "[t]he trial court failed to admonish the appellant/defendant pursuant to Tex.Code Crim.Pro. art. 42.12, # 5 (sic)", there are two separate admonishments the courts must make in a case like this. First, before accepting the guilty plea the court must admonish the defendant according to the terms of the Texas Code of Criminal Procedure article 26.13, and after accepting the guilty plea, if the court is going to grant the defendant deferred adjudication, the court must admonish the defendant about the consequences of violating his probation ac-

cording to Tex.Code Crim.Proc.Ann. art. 42.12 § 5(a), (b) (Vernon Supp.1995). In this case the record shows that the trial court followed the terms of art. 26.13:

The Court: The court is in cause number 11,218, styled the State of Texas vs. Roger Dale Fregia.

The record should reflect the defendant is present this date with his retained attorney Mr. Joseph Saranello from Houston, Texas.

You are Mr. Fregia?

Mr. Fregia: Yes.

The Court: Mr. Fregia, you stand charged by indictment with the second degree felony offense of theft.

You have a right to have the indictment read to you, sir, or you may waive the reading of the indictment if you understand what you are charged with.

Mr. Saranello: We will waived the reading of the indictment, Your Honor.

The Court: How do you wish to plead this date, Mr. Fregia, guilty or not guilty or no contest?

Mr. Fregia: No contest.

The Court: Is there any evidence from the State?

Mr. Sheffield: The State tenders into evidence State's exhibit number 1, Your Honor.

Mr. Saranello: No objection, Your Honor.

The Court: State's exhibit number 1 will be received into evidence.

. . . .

The Court: Now, Mr. Fregia, the law requires that I tell you that this is a second degree felony and if convicted you face a punishment range of not more than 20 years nor less than two years in the Texas Department of Corrections and in addition a fine up to $10,000. Now, do you understand this punishment range?

Mr. Fregia: Yes, sir.

The Court: Your attorney along with the State is going to be making a recommendation to the court regarding punishment.

Do you understand that I am not bound by any recommendation that they might make? Do you understand that?

Mr. Fregia: Yes, sir.

The Court: If I reject the plea bargain agreement you would have a right to withdraw your plea. And if you withdraw your plea, anything that is done here today cannot be used against you at a later trial.

Do you understand that?

Mr. Fregia: Yes, sir.

The Court: On the other hand if the court follows the plea bargain agreement, you cannot appeal this case without my permission. Do you understand that?

Mr. Fregia: Yes, sir.

The Court: I think you have entered into a plea bargain with the State for 10 years deferred adjudication of guilt, two thousand-dollar fine, $142.50 in court costs.

Is that your understanding of the agreement, sir?

Mr. Fregia: Yes, sir.

The Court: Are you pleading guilty this date freely, voluntarily, and because you are, in fact, guilty, sir?

Mr. Fregia: Yes, sir.

The Court: Mr. Saranello, is there any evidence of incompetency?

Mr. Saranello: No, Your Honor.

The Court: Mr. Fregia, the State in this case has heretofore tendered into evidence State's exhibit number 1, which contains among other things your judicial confession. That standing on its own merit is sufficient evidence for this court to find you guilty of the offense alleged without any further evidence being admitted. Do you understand that?

Mr. Fregia: Yes, sir.

The Court: Do you understand everything that you have signed here today?

Mr. Fregia: Yes, sir.

The Court: The court then will receive the judicial confession and also receive the plea.

Mr. Roger Dale Fregia, the court makes a finding this date that the evidence substantiates your guilt as to the second degree felony offense of theft. However, the court this date defers a final adjudication of guilt, assessment of punishment, and pronouncement of sentence and the court places you on probation for a ten-year period of time beginning today.

As a term of your probation you are ordered to pay a $2,000 fine, $142.50 in court costs. I am sure that Mr. Saranello has explained to you the right of appeal and the right to file a motion for new trial. But if you are satisfied about what has been done so far this date, you can waive those two rights.

Do you wish to waive those rights, sir?

Mr. Fregia: Yes, sir.

The Court: You will need to report at this time to Mr. Dinkle from the probation office. He is seated right over there at the counsel table. He will go over each and every term of probation with you. Be sure that you leave here today with a good understanding of what your duties and your obligations are and what is expected of you under the terms of probation because *I am here today, Mr. Fregia, telling you that I fully intend to enforce each and every rule of probation.* (emphasis ours)

Do you understand that?

Mr. Fregia: Yes.

The Court: I wish the best of luck to you, sir. You will need to report over there.

Good luck to you, sir.

Appellant contends that the trial court failed to comply with TEX.CODE CRIM.PROC. ANN. art. 42.12 § 5 by not informing the defendant of the possible consequences of a violation of probation as provided in the foregoing article.

The Court of Criminal Appeals considered the same issue as it applies in misdemeanor cases in *Price v. State,* 866 S.W.2d 606, 613 (Tex.Crim.App.1993) and the Court held that the failure to admonish the defendant of the consequences of a violation of deferred adjudication probation after the defendant made a voluntary guilty plea in a misdemeanor case is not reversible error. In *Price,* the Court of Criminal Appeals made a point to restricting its holding to misdemeanor cases.

The Court of Criminal Appeals has not yet considered the issue in felony cases and the Courts of Appeals disagree on this issue.

■ Appellant cites the case of *Graham v. State*, 873 S.W.2d 709 (Tex.App.—Eastland 1994, no pet.), however, a later pronouncement of the Eastland Court in *Ray v. State*, 877 S.W.2d 425 (Tex.App.—Eastland 1994, pet. granted), holds that the article 26.13 requires only substantial compliance by the court in admonishing the defendant, but the language of article 42.12 § 5 is mandatory. The Court went on to add that even if the language required only substantial compliance because the trial court did not admonish the defendant of any consequences of the violation of deferred adjudication, there was not even a substantial compliance with the statute. We note that *Ray* relied upon the earlier case of *Graham v. State, supra*, to support its analysis.

In the case of *Joyner v. State*, 882 S.W.2d 59 (Tex.App.—Houston [14th Dist.] 1994, pet. granted), the trial court properly admonished the defendant as to the guilty plea but evidently did not admonish the defendant before giving him deferred adjudication. The Fourteenth Court held that even though the trial court did not admonish the defendant about the consequence of violating the terms of the deferred adjudication probation, his guilty plea was still voluntary. Its reasoning tracked the Court of Appeals in *Price* which said there is no connection between the initial guilty plea and the later decision of the court to grant deferred adjudication. Thus, the Fourteenth Court held that the trial court need only consider whether proper admonishments were given before the guilty plea. *Brown v. State*, 896 S.W.2d 327 (Tex. App.—Houston [1st Dist.] 1995, n. pet. h.) followed the *Price* and *Joyner* decisions and held that a guilty plea does not become involuntary when the trial court fails to give the admonishments required by article 42.12 § 5(a).

In this case the trial judge told the appellant he could face serious consequences if he violated the terms of his probation. The court told the appellant he could not appeal the granting of deferred adjudication probation. The court asked if the appellant had any questions and did he understand everything that he had signed. Persuaded by *Price, Joyner* and *Brown*, we hold that a guilty plea does not become involuntary when the trial court fails to give the admonishments required by art. 42.12 § 5(a). As in *Joyner*, there is nothing in this record to suggest that the appellant's plea of nolo contendere resulted from an agreement that he would not receive deferred adjudication if he pleaded guilty. Thus, we hold that the failure of the trial judge to inform the appellant of the consequences of violating his deferred adjudication probation has nothing to do with the initial decision to plead guilty or nolo contendere. Point of error six is overruled.

AFFIRMED.