**D'Artagnan DeJuan SHARPER,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–95–00339–CR.

Court of Appeals of Texas,
San Antonio.

July 31, 1996.

Jan Hemphill, Dallas, for Appellant.

Lisa L. Braxton, Asst. Dist. Atty., Dallas, for Appellee.

Before LÓPEZ, STONE and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Appellant, D'Artagnan DeJuan Sharper, was charged with and convicted of aggravated robbery. Punishment was assessed at thirty years confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single point of error Sharper argues that the trial court failed to admonish him pursuant to article 26.13(a)(4), TEX. CODE CRIM.PROC.ANN. (Vernon 1989). We affirm.

### FACTS

On December 20, 1994, Sharper entered his plea of nolo contendere to the court.[1] He was then advised as to the range of punishment for aggravated robbery and the effect of enhancement allegations. Trial proceeded and the court found Sharper guilty. Before sentencing Sharper, the trial court asked that a Presentence Investigation Report (PSI) be done. Contained in the PSI report was the following information: place of birth—Dallas County; citizenship—United States; date of birth—September 11, 1975; family history—born in Dallas. After reading the PSI, the court sentenced Sharper to thirty years confinement.

### FAILURE TO ADMONISH

■ In a single point of error, Sharper argues that the trial court's failure to admonish him on the immigration consequences associated with his plea of nolo contendere is reversible error and no harm need be shown. The State agrees with Sharper that at no time did the trial court admonish Sharper pursuant to article 26.13(a)(4), TEX.CODE CRIM.PROC.ANN. (Vernon 1989). The State argues, however, that the admonishment is immaterial because the PSI report affirmatively establishes that Sharper is a United States citizen who was born in Dallas County on September 11, 1975. We agree.

■ Article 26.13(a)(4) provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

"A court substantially complies with article 26.13, even though it omits an admonition, if the omitted admonishment is immaterial to the defendant's plea." *Armstrong v. State*, 911 S.W.2d 133, 135 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd); *cf. Morales v. State*, 872 S.W.2d 753 (Tex.Crim.App.1994) (trial court's failure to admonish pursuant to article 26.13(a)(4) requires reversal when record silent as to defendant's citizenship).

The courts of appeals that have considered the issue have held that the immigration admonition is immaterial when the record shows that the defendant is a United States citizen. *Fregia v. State*, 903 S.W.2d 94, 97–98 (Tex.App.—Beaumont 1995, pet. filed); *Rodgers v. State*, 902 S.W.2d 726, 728 (Tex.App.—Fort Worth 1995, pet. filed); *Dixon v. State*, 891 S.W.2d 783, 784 (Tex.App.—Austin 1995, no pet.); *Dominguez v. State*, 889 S.W.2d 13, 16 (Tex.App.—El Paso 1994, no pet.). We agree and so hold.

### CONCLUSION

Because the record in the present case affirmatively establishes that Sharper is a United States citizen, "he cannot suffer any of the immigration consequences listed in article 26.13(a)(4)," *Fregia*, 903 S.W.2d at 98, and the failure to admonish pursuant to article 26.13(a)(4) was therefore immaterial to his plea. The trial court thus substantially complied with article 26.13. Accordingly, we overrule Sharper's point of error and affirm the judgment.

---

1. There was no plea bargain.