**Michael Keith NANCE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–203–CR.**

Court of Appeals of Texas,
Fort Worth.

May 8, 1997.

William H. Bill Ray, Fort Worth, for appellant.

Tim Curry, Crim. District Attorney, Charles M. Mallin, Chief of Appellate Section, Sylvia Mandel, Sharon Johnson, Deborah Kearan, Asst. Criminal District Attorneys, Fort Worth, for State.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Michael Keith Nance was convicted by a jury of aggravated robbery upon his plea of not guilty. The State had alleged its habitual offender notice in a single paragraph of the indictment, stating that Appellant had twice been convicted of felony offenses. The trial court granted Appellant's motion to quash the habitual offender paragraph, and the State did not object; therefore no enhancement allegation was submitted to the jury. But the jury did hear evidence of extraneous offenses. The jury sentenced Appellant to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals, bringing three points of error. Appellant argues that the trial court erroneously allowed the State to introduce evidence of extraneous offenses at the punishment phase of trial although the State did not give proper notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure. Appellant also contends that the

trial judge allowed introduction of an improperly authenticated penitentiary packet and that the trial court erroneously allowed the State to comment on Appellant's failure to present evidence in his defense. We affirm.

## ARTICLE 37.07, SECTION 3(g) NOTICE

Appellant timely and properly requested notice of the State's intent to use extraneous offense evidence at punishment.[1] The State had filed a notice of joinder and consolidation of two indictments charging Appellant with aggravated robbery and robbery. When the trial court granted Appellant's motion to quash the habitual offender count, the State withdrew its joinder of the two offenses. The State then filed an amended notice of intent to use the unadjudicated second robbery at punishment.

Appellant argues that the notice was inadequate because it did not meet the statutory requirement that the State give notice of the county in which the extraneous offense occurred.[2] In pertinent part, the notice provided:

> COMES NOW THE STATE OF TEXAS ... and makes known to the Defense its intention to introduce evidence that the said Defendant has presently pending a charge of Robbery by Threat, Cause Number 0563038, in the 372nd District Court of Tarrant County, of Pamela Savage, who was a clerk employed by the Mr. M Food Store at 1555 Carrier Parkway, Grand Prairie, Texas, on October 7, 1994, (the date of the robbery[] ].

Article 37.07, section 3(g) of the Texas Code of Criminal Procedure provides:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable

1. *See* Tex.Code Crim.Proc.Ann. art. 37.07, § 3(g) (Vernon Supp.1997).

2. *See id.*

only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.[3]

The State argues that Appellant had actual notice of the county of the extraneous offense and that Appellant's counsel was ready to proceed to trial on that offense. The State also argues that it substantially complied with the notice requirement.

The notice informed Appellant of the exact address of the extraneous offense. The notice also informed Appellant that the extraneous robbery case was currently pending in the 372nd District Court of Tarrant County. Article 13.18 of the Code of Criminal Procedure provides that if there is no special venue provision, the proper county for the prosecution of an offense is that in which the offense was committed.[4] There is no specific venue provision for robbery.[5] Venue is proper, then, only in the county in which the robbery was committed. While article 13.04 provides that if an offense is committed on the boundary of two or more counties or within 400 yards thereof, the offense may be prosecuted and punished in any one of such counties,[6] there is no suggestion that this is the case before us.

This court has pointed out that it is always better to follow the statute.[7] In *Rodgers*, a case in which the trial court asked the defendant whether he was a citizen but did not give the statutory admonishment required by article 26.13(a)(4),[8] we held that the trial court substantially complied with the statute, noting that

[a]lthough the better practice is to comply with the statute ..., the clear intent of the provision was to prevent a plea of guilty that results from ignorance of the consequences. Statutes are presumed to mean what they say, and the admonishment is clearly required by statute. To reverse this case on a plea of guilty that was in all ways freely and voluntarily entered with no unforeseen negative repercussions, except a thirty-year sentence, would be to exalt form over substance.[9]

We believe that affirming Appellant's point of error in the case before us, when surprise was clearly not an issue, would also place form above substance, something we are unwilling to do.

To protect the fundamental fairness of our system, defendants must be permitted to determine what allegations they will be required to defend themselves against during trial. The case before us is unusual in that Appellant was prepared to go to trial on the case that became the extraneous offense.

Article 37.07, section 3(g) does not except from the notice requirement extraneous bad acts for which a defendant has been indicted.[10] When the legislature passes a law that, on its face, is as clear as this law is, we must presume that the legislature intended litigants to comply with the statute.[11] Rule 404(b) of the Texas Rules of Criminal Evidence provides that evidence of extraneous bad acts may be admissible provided that, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce that evidence in the State's case-in-chief.[12] Article 37.07, section 3(g) deals with evidence of extraneous bad

---

3. *Id.*

4. Tex.Code Crim.Proc.Ann. art. 13.18 (Vernon 1977).

5. *See id.* arts. 13.01–13.25 (Vernon 1977 & Supp. 1997).

6. *Id.* art. 13.04 (Vernon Supp.1997).

7. *See Rodgers v. State,* 902 S.W.2d 726, 728 (Tex. App.—Fort Worth 1995, pet. filed).

8. Tex.Code Crim.Proc.Ann. art. 26.13(a)(4) (Vernon 1989).

9. *Rodgers,* 902 S.W.2d at 728.

10. *See* Tex.Code Crim.Proc Ann. art. 37.07, § 3(g).

11. *See Coit v. State,* 808 S.W.2d 473, 475 (Tex. Crim.App.1991).

12. Tex.R.Crim.Evid. 404(b).

acts at punishment.[13] It requires that notice of intent to introduce such evidence be given in the same manner required by rule 404(b) of the Texas Rules of Criminal Evidence.[14] This legislature has specifically provided that "notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act."[15]

We find that the State has substantially complied with this requirement by informing Appellant of the address of the offense, the name of the victim of the offense, the date of the offense, the indictment number of the offense, and the court and county in which the indictment is pending.

The purpose of article 37.07, section 3(g) is to avoid unfair surprise, that is, trial by ambush. We find that the notice provided substantially complied with that required and did not place Appellant in the position of being unfairly surprised.[16]

Appellant's first point of error is overruled.

### PEN PACKET AUTHENTICATION

Appellant argues that the penitentiary packets were not properly authenticated according to the law in effect at the time of Appellant's offense, October 6, 1994. Appellant was tried in April of 1996. Article 42.09, section 8(b) was amended effective September 1, 1995.[17] The prior law required the signature of the director of the Texas Department of Criminal Justice.[18] The amendment replaced the term director with "the designated officer."[19] The real issue before us is which law applies—the law in effect at the time of the commission of the offense or the law in effect at the time of the trial.

Article 42.09, section 8(b) is a rule of procedure. Therefore, absent express legislative intent to the contrary, the new law applies to all trials after its effective date,[20] as long as it is not an ex post facto law.[21] Article 42.09, section 8(b) does not make criminal an activity that was not criminal at the time it was committed, it does not change the punishment or inflict a greater punishment than the law in effect at the time of the offense, and it does not deprive the defendant of a defense available at the time of the offense.[22] Therefore, it is not an ex post facto law. Appellant's second point of error is overruled.

### PHOTO SPREAD

In his third point of error, Appellant argues that the trial court erroneously allowed the State to comment on his failure to present evidence in his defense. In his final argument, Appellant argued that the State should have produced the photo spread because it was a critical link in the case. The State responded by arguing that Appellant had the right to subpoena the photo spread.

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any

13. Tex.Code Crim.Proc.Ann. art. 37.07, § 3(g).

14. *Id.*

15. *Id.*

16. We do not suggest by this opinion that the State would have substantially complied with article 37.07, section 3(g) had the State merely provided Appellant the cause number and the county of the pending indictment. The defendant should not be required to seek out the indictment in order to receive the notice required by statute.

17. Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 5.03, 1993 Tex.Gen. Laws 3586, 3754, *amended by* Acts of June 7, 1995, 74th Leg. R.S., ch. 321, § 3.001, 1995 Tex.Gen. Laws 2774, 2814.

18. *Id.*

19. *See* Tex.Code Crim.Proc.Ann. art. 42.09, § 8(b) (Vernon Supp.1997).

20. *See Ex parte Johnson,* 697 S.W.2d 605, 607–08 (Tex.Crim.App.1985); *Wade v. State,* 572 S.W.2d 533, 534 (Tex.Crim.App. [Panel Op.] 1978).

21. *See Johnson v. State,* 930 S.W.2d 589, 591 (Tex.Crim.App.1996) (citing *Collins v. Youngblood,* 497 U.S. 37, 42–43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30, 38–39 (1990)) (discussing ex post facto laws).

22. *See id.*

fact not admitted into evidence.[23] To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.[24]

We find that the State's argument was a proper response to Appellant's jury argument. Appellant argues that the prosecutor's statement, "If he had wanted you to see the photo spread and the picture of this Defendant, you'd have seen the photo spread," exceeded the permissible scope of the response. We find that it did not. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

**23.** *See Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim.App. [Panel Op.] 1980); *Taylor v. State,* 911 S.W.2d 906, 911 (Tex.App.—Fort Worth 1995, pet. ref'd); *Monkhouse v. State,* 861 S.W.2d 473, 478 (Tex.App.—Texarkana 1993, no pet.).

**24.** *See Felder v. State,* 848 S.W.2d 85, 94–95 (Tex.Crim.App.1992), *cert. denied,* 440 U.S. 950, 99 S.Ct. 1433, 59 L.Ed.2d 640 (1979); *Nethery v. State,* 692 S.W.2d 686, 703 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973).