Carl ALFARO, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00428–CR.

Court of Appeals of Texas, San Antonio.

July 5, 1995.

Alan Brown, San Antonio and Alex J. Scharff, Campion & Campion, San Antonio, for appellant.

Lynn Ellison, Dist. Atty. and Jennifer Rosenblatt, Asst. Dist. Atty., 81st Jud.Dist., Jourdanton, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

CHAPA, Chief Justice.

The question presented is whether this court has jurisdiction to hear this appeal in view of Rule 40(b)(1) of the Texas Rules of Appellate Procedure. We conclude that we do not for the following reasons.

Appellant Carl Alfaro, Jr., was charged by indictment with two counts of the offense of delivery of a controlled substance, namely, cocaine. In accordance with a plea bargain agreement, appellant pleaded guilty to one count of the offense and received a dismissal of the other. Appellant filed all the required sworn written plea documents, including all necessary waivers of his rights. The plea bargain was presented in open court, explained to the appellant, and agreed to by appellant and his counsel. The agreement included a cap of thirty (30) years confinement and a two thousand dollar ($2000.00) fine. No pretrial motions were filed or presented to the court for a ruling prior to the plea. Appellant was sentenced to thirty (30) years confinement, which did not exceed the punishment recommended by the prosecution as a result of the plea bargain. A notice of appeal was later filed which fails to allege that permission was granted by the court to appeal this cause as required by Rule 40(b)(1), and the record does not reflect that permission was in fact sought or granted by the court. Tex.R.App.P. 40(b)(1).

On appeal, appellant does not allege that the trial court granted permission to appeal this cause and concedes that his notice of appeal fails to comply with Rule 40(b)(1). However, appellant nevertheless insists that this court should entertain the appeal. Appellant complains on appeal that the trial court committed reversible error in "not instructing appellant that he was entitled to have the jury rather than the judge assess punishment subsequent to appellant's pleading guilty." [1]

In *Hernandez v. State*, 894 S.W.2d 807 (Tex.App.—San Antonio 1994, pet. filed), this court cited Rule 40(b)(1) and *Davis v. State*, 870 S.W.2d 43 (Tex.Crim.App.1994) (en banc), and concluded:

> Therefore, the interpretation given Rule 40(b)(1) by the Court of Criminal Appeals clearly precludes appeal by a defendant who has plead guilty or nolo contendere before the court, and who has been assessed punishment not exceeding the punishment recommended by the prosecution as a result of a plea bargain, except under the following circumstances: 1) jurisdictional defects may be appealed without limitations, 2) nonjurisdictional defects occurring before or after the plea may be appealed provided the court grants permission, and 3) errors that occur prior to the entry of the plea may be appealed provided they were raised by written motions filed and ruled on before trial, regardless of the trial court's permission. *Davis*, 870 S.W.2d at 46. This interpretation is clearly consistent with the spirit and purpose of the underlying legislation, which was to reduce the appellate case load by eliminating plea bargain appeals as much as possible. *Morris v. State*, 749 S.W.2d 772, 774 (Tex.Crim.App.1986) (en banc).

*Hernandez*, 894 S.W.2d at 809.

During oral arguments, appellant insisted for the first time that the failure of the trial

---

**1.** The record contains a seven-page Affidavit of Admonitions and Jury Waiver, signed by appellant and his counsel, which states: I [counsel] have explained to [appellant] that [he] has a right to a trial by jury, and [appellant] has expressly stated that [he] desires to waive this right, and we hereby WAIVE such right[.]

court to properly admonish him as alleged in his point of error was "jurisdictional" and thus reviewable by this court under Rule 40(b)(1).

"[J]urisdiction" is comprised not of the "place" of the prosecution, but of the power of the court over the "subject matter" of the case, conveyed by statute or constitutional provision, coupled with "personal" jurisdiction over the accused, which is invoked in felony prosecutions, by the filing of a sufficient indictment or information if indictment is waived.

*Fairfield v. State,* 610 S.W.2d 771, 779 (Tex. Crim.App.1981). "A claim that a trial court did not give proper admonishments is a claim of trial error before entry of a plea [and] [u]nder *Davis, Lyon,* and *Morris,* this Court does not have jurisdiction to consider a point of error of this nature" without compliance with the requirements of Rule 40(b)(1). *Penny v. State,* 880 S.W.2d 59, 61 (Tex.App.— Dallas 1994, no pet.) (citing *Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App.1994); *Lyon v. State,* 872 S.W.2d 732 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); and *Morris v. State,* 749 S.W.2d 772 (Tex.Crim.App.1986)); *see Shepherd v. State,* 884 S.W.2d 571 (Tex.App.— Waco 1994, no pet.).

Appellant's appeal does not present any jurisdictional defect complaints and does not contend or show that permission was obtained from the trial court to appeal nonjurisdictional points as required by Rule 40(b)(1). Further, no pretrial motions were filed or ruled on by the court. Therefore, this court is without jurisdiction to consider this appeal, and we cannot act "except to dismiss the appeal." *Morris,* 749 S.W.2d at 775.

The appeal is dismissed for lack of jurisdiction.