CV6-636 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00636-CR






Thomas Moss, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 93-216-K26, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING







 This is an appeal from a conviction for aggravated sexual assault of a child. (1) We will
dismiss one point of error for lack of jurisdiction and affirm the judgment of the trial court.



FACTUAL AND PROCEDURAL BACKGROUND


 Appellant, Thomas Moss, was charged with indecency with a child (2) and aggravated sexual
assault of a child. Pursuant to a plea bargain agreement, Moss pleaded guilty and judicially confessed to
committing the offense of aggravated sexual assault of a child. The district court found the evidence
substantiated Moss's guilt. In accordance with the agreement, however, the court deferred further proceedings without adjudicating guilt and placed Moss on community
supervision. (3) The court failed to warn Moss that he could not appeal any future adjudication of guilt in the
matter, as required by former article 42.12, section 5(a) and (b). The court subsequently revoked
supervision on the State's motion, adjudicated Moss guilty, and assessed punishment at imprisonment for
life. Moss appeals by three points of error.



DISCUSSION


Jurisdiction

 The State moves to dismiss the appeal for want of jurisdiction based on Moss's alleged
waiver of his right to appeal and his failure to comply with the requisites of Texas Rule of Appellate
Procedure 40(b)(1).

 Under Texas Rule of Appellate Procedure 40(b)(1), (4) a felony defendant who pleads guilty
or no contest and is punished in accordance with a plea bargain agreement must obtain the trial court's
permission to appeal any matters except rulings on written pretrial motions and jurisdictional issues. Lyon
v. State, 872 S.W.2d 732, 736 (Tex. Crim. App.), cert. denied, ____ U.S. ____, 114 S. Ct. 2684
(1994); Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); see also Hutchins v. State, 887
S.W.2d 207, 211 (Tex. App.--Austin 1994, pet. ref'd). Pursuant to this rule, a defendant who wishes to
appeal a nonjurisdictional error following a negotiated guilty plea must state in his notice of appeal that the
matter was raised in a pretrial motion or that he has the trial court's permission to appeal. Tex. R. App.
P. 40(b)(1). In other words, a general notice of appeal following a negotiated guilty plea will not confer
jurisdiction on a court of appeals to consider nonjurisdictional errors. Lyon, 872 S.W.2d at 736; Davis,
870 S.W.2d at 46. The rule 40(b)(1) special notice requirements apply to a defendant like Moss who
bargains for and receives deferred adjudication and who is later adjudicated guilty. Watson v. State, 924
S.W.2d 711, 714 (Tex. Crim. App. 1996). 

 Until recently, courts were split on the issue of whether a challenge to the voluntariness of
a guilty plea was a jurisdictional issue or an exception to the proviso in rule 40(b)(1), and thus appealable
by a general notice of appeal. (5) The Court of Criminal Appeals recently decided that a challenge to the
voluntariness of a plea is not jurisdictional but is an exception to the proviso in rule 40(b)(1). Flowers v.
State, No. 1431-95, slip op. at 4-6 (Tex. Crim. App. Oct. 30, 1996). Therefore, a defendant who pleads
guilty pursuant to a plea bargain agreement may challenge by general notice of appeal (1) jurisdictional
errors and (2) nonjurisdictional errors that affect the voluntariness of his plea. 

 Moss appeals by a general notice. Our jurisdiction thus depends on whether the issues
Moss raises are jurisdictional or challenges to the voluntariness of his plea. For the reasons set forth below,
we conclude we do not have jurisdiction over Moss's second point of error, but do have jurisdiction over
his first and third points of error.

 In his second point of error, Moss alleges the trial court committed reversible error by
failing to give the admonishment required by former article 42.12, section 5(a) and (b). Because this point
does not concern the voluntariness of Moss's plea, we assume Moss asserts it as a jurisdictional defect. 
"Jurisdiction" is comprised of the power of the court over the "subject matter" of the case, conveyed by
statute or constitutional provision, coupled with "personal" jurisdiction over the accused. E.g., Fairfield
v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). Moss does not challenge the trial court's
jurisdiction over the subject matter of this case, a criminal proceeding involving a defendant charged with
aggravated sexual assault of a child. Neither does Moss challenge the court's personal jurisdiction over
him. Rather, Moss essentially contends the trial court failed to apply properly the applicable law. This
argument cannot be classified as "jurisdictional" under the Fairfield test. See Fontenot, No. 2-95-228-CR, slip op. at 9-12 (Tex. App.--Fort Worth Aug. 16, 1996, no pet. h.) (citing Morrow v. Corbin, 62
S.W.2d 641, 644-45 (Tex. 1933)) (trial court's actions, no matter how erroneous, are not jurisdictional
error so long as the court has jurisdiction over parties and subject matter of the case). (6) Because Moss
appeals by a general notice and does not allege a jurisdictional defect in his second point of error, we have
no jurisdiction to decide the issue. We sustain the State's motion insofar as it pertains to point of error two.

 We overrule the State's motion to dismiss as it pertains to Moss's first and third points of
error. In those points, Moss challenges the voluntariness of his plea. Points one and three are exempt from
the requirements of rule 40(b)(1) under Flowers, supra. Furthermore, we do not agree that Moss's written
and oral "waivers of right to appeal," made at the time he pleaded guilty and adjudication was deferred,
deprive us of jurisdiction. We construe Moss's "waivers" to apply only to the right to appeal he had at the
time he was placed on deferred adjudication. See Tex. Code Crim. Proc. Ann. art. 44.01(j) (West Supp.
1997); Dillihey v. State, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991). We do not interpret Moss's
statements as applying to his right to appeal upon final conviction two years later. See Former art. 42.12,
§ 5(b); Homan v. Hughes, 708 S.W.2d 449, 452 (Tex. Crim. App. 1986); Joyner v. State, 882 S.W.2d
59 (Tex. App.--Houston [14th Dist.] 1994), aff'd, 921 S.W.2d 234 (Tex. Crim. App. 1996). Therefore,
we conclude we have jurisdiction over Moss's first and third points of error involving the voluntariness of
his guilty plea.

Voluntariness of Plea

 In his first point of error, Moss alleges his plea was involuntary because the trial court did
not admonish him in accordance with former article 42.12, section 5(a) and (b). The State responds that
Moss failed to preserve error on this point. A trial court may accept a guilty plea only upon a showing that
the plea is entered voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b) (West 1989 & Supp. 1997). 
We consider this requirement to be absolute and unwaivable. For that reason, we must review Moss's
point of error, despite his failure to first raise it before the trial court. See Marin v. State, 851 S.W.2d
275, 280 (Tex. Crim. App. 1993). 

 The State further contends the issuance of the admonishment was not relevant to the
voluntariness of Moss's plea. We agree. When a trial court, pursuant to former article 42.12, section 5(a)
and (b), deferred adjudication and placed a defendant on community supervision, the court was required
to warn the defendant that he had no right to appeal any subsequent decision to adjudicate guilt. Former
art. 42.12, § 5(a), (b); Ward v. State, 906 S.W.2d 182 (Tex. App.--Austin 1995, pet. ref'd). However,
failure to adhere to former article 42.12, section 5(a) and (b) did not render a felony guilty plea involuntary. 
See Ray v. State, 919 S.W.2d 125, 127 (Tex. Crim. App. 1996) (open plea); Brown v. State, 915
S.W.2d 533, 536 (Tex. App.--Dallas 1995, pet. granted) (negotiated plea); but see Graham v. State,
873 S.W.2d 709, 710 (Tex. App.--Eastland 1994, no pet.) (failure to admonish in negotiated plea
situation rendered prior plea involuntary). As discussed in Ray and Brown, the trial court was not obligated
to give the admonishments called for by former article 42.12, section 5(a) and (b) before it accepted the
guilty plea. (7) In fact, a court could decide to give deferred adjudication only after it accepted the plea and
heard evidence. See Brown, 915 S.W.2d at 538. It would be absurd to require a court to give the
deferred adjudication admonishments before accepting the plea and deciding to place the defendant on
deferred adjudication. The legislature knows how to make an admonishment a condition precedent to a
guilty plea, as is evidenced by the admonishments required by article 26.13. See Tex. Code Crim. Proc.
Ann. art. 26.13 (West 1989 & Supp. 1997). Because the legislature clearly meant the former article
42.12, section 5(a) and (b) admonishment to be informational and not a condition precedent to a guilty
plea, we hold the failure to admonish Moss pursuant to former article 42.12, section 5(a) and (b) did not
render his prior guilty plea involuntary. 

 Moss argues that because his plea was negotiated, as opposed to open, we should reach
a different result. He cites our opinion in Ward, where we stated that the existence of a plea bargain
agreement calling for deferred adjudication was a significant fact that "arguably distinguished" the case from
a situation in which the guilty plea was not negotiated. See 906 S.W.2d at 185, n.3. Our holding today
does not contradict our statement in Ward. There may be constitutional support for the contention that an
admonishment like that required by former 42.12, section 5(a) and (b) should be given to a defendant
before he enters a negotiated guilty plea. Cf. Ray, 919 S.W.2d at 131 (Justice Overstreet, dissenting)
(failure to warn may violate constitutional due process). However, Moss does not argue his position in
constitutional terms. We, therefore, decline to issue an advisory opinion on whether a trial court abridges
a defendant's constitutional rights by failing to warn him, before he pleads guilty in accordance with a
bargain for deferred adjudication, that he has no right to appeal a subsequent decision to adjudicate guilt. 
Our opinion addresses only the issue of whether the failure to admonish pursuant to former article 42.12,
section 5(a) and (b) rendered a negotiated plea involuntary. The effect of a failure to comply with former
42.12, section 5(a) and (b) on a defendant's prior guilty plea is the same whether the plea was open or
negotiated. We overrule Moss's first point of error. 

 Moss argues in his third point of error that his guilty plea was involuntary because he did
not know whether he was pleading to the charge of indecency of a child or aggravated sexual assault with
a child. Count I of the indictment alleged that Moss caused his sexual organ to "contact or penetrate" the
mouth of a victim younger than fourteen years of age. Moss argues his confession of guilt to Count I was
consistent with both indecency with a child and aggravated sexual assault. The record reveals Moss made
express confessions, both oral and written, to the offense of aggravated sexual assault. There is no
evidence in the record suggesting Moss intended to plead guilty to indecency with a child rather than
aggravated sexual assault. Therefore, we hold Moss's plea was voluntary and overrule point of error three.



CONCLUSION


 Because Moss's second point of error does not raise a jurisdictional defect and does not
constitute an exception to the special notice requirements of rule 40(b)(1), we dismiss the point for lack
of jurisdiction. Because we find the other two points of error to be without merit, we affirm the judgment
of the trial court. 



 

 Bea Ann Smith, Justice

Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: December 5, 1996

Publish
1.   See Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2274 and Act of
July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. §
22.021, since amended).
2.   See Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 9, 1973 Tex. Gen. Laws 883, Act of May
12, 1981, 67th Leg., R.S., ch. 202, § 1, 1981 Tex. Gen. Laws 471 and Act of May 29, 1987, 70th
Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3473 (Tex. Penal Code Ann. § 21.11, since
amended).
3.   See Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500-01 (Tex. Code Crim. Proc. Ann. art. 42.12, § 5, since amended). For convenience, we will refer to
the version of the Texas Code of Criminal Procedure article 42.12, section 5, in effect at the time of the
deferred adjudication hearing as "former article 42.12, section 5."
4.   In pertinent part, Rule 40(b)(1) states:


Appeal is perfected in a criminal case by giving timely notice of appeal . . . 
Notice of appeal shall be given in writing filed with the clerk of the trial court. 
Such notice shall be sufficient if it shows the desire of the defendant to appeal
from the judgment or other appealable order; but if the judgment was rendered upon
his plea of guilty or nolo contendere . . . and the punishment assessed does not exceed
the punishment recommended by the prosecutor and agreed to by the defendant and his
attorney, in order to prosecute an appeal for a nonjurisdictional defect or error . . . the
notice shall state that the trial court granted permission to appeal or shall specify that
those matters were raised by written motion and ruled on before trial.


Tex. R. App. P. 40(b)(1) (emphasis added).
5.   See Fontenot v. State, No. 2-95-228-CR, slip op. at 9-12 (Tex. App.--Fort Worth Aug. 16,
1996, no pet. h.) (neither jurisdictional issue nor exception to requirements of Rule 40(b)(1)); Martinez
v. State, 907 S.W.2d 34, 36 (Tex. App.--San Antonio 1995, no pet.) (same). But see Forcha v.
State, 894 S.W.2d 506, 509 (Tex. App.--Houston [1st Dist.] 1995, no pet.) (exception to
requirements of Rule 40(b)(1)); Brown v. State, 915 S.W.2d 533, 536 (Tex. App.--Dallas 1995, pet
granted) (same); Rodriguez v. State, 850 S.W.2d 603, 606 (Tex. App.--Dallas 1995, no pet.)
(same); Miller v. State, 879 S.W.2d 336, 337 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd)
(same).
6.   See also Tillman v. State, 919 S.W.2d 836, 839 (Tex. App.--Fort Worth 1996, no pet.)
(failure to admonish is not jurisdictional error); Martinez v. State, 906 S.W.2d 651, 653 (Tex.
App.--Fort Worth 1995, no pet.) (same); Alfaro v. State, 904 S.W.2d 173, 174-75 (Tex.
App.--San Antonio 1995, no pet.) (same); Brown, 915 S.W.2d at 536 (same); McGowin, 912
S.W.2d 837, 841 (Tex. App.--Dallas 1995, no pet.) (same). But see Ramos v. State, No. 14-94-00525-CR, slip op. at 3-4 (Tex. App.--Houston [14th Dist.] June 20, 1996, no pet. h.) (treating
appeal of failure to admonish under article 26.13 as exception to rule 40(b)(1) requirements).
7.   Former art. 42.12, § 5(a) did not specify when the admonishments were to be given. The
legislature has since amended art. 42.12, § 5(a) to clarify its intent that the trial court issue
the admonishments after the court has placed the defendant on deferred adjudication. See Act of
May 29, 1995, 74th Leg., R.S., ch. 318, § 53, 1995 Tex. Gen. Laws 2734, 2750 (Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(a)).



iction. Because we find the other two points of error to be without merit, we affirm the judgment
of the trial court. 



 

 Bea Ann Smith, Justice

Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: December 5, 1996

Publish
1.   See Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2274 and Act of
July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. §
22.021, since amended).
2.   See Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 9, 1973 Tex. Gen. Laws 883, Act of May
12, 1981, 67th Leg., R.S., ch. 202, § 1, 1981 Tex. Gen. Laws 471 and Act of May 29, 1987, 70th
Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3473 (Tex. Penal Code Ann. § 21.11, since
amended).
3.   See Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500-01 (Tex. Code Crim. Proc. Ann. art. 42.12, § 5, since amended). For convenience, we will refer to
the version of the Texas Code of Criminal Procedure article 42.12, section 5, in effect at the time of the
deferred adjudication hearing as "former article 42.12, section 5."
4.   In pertinent part, Rule 40(b)(1) states:


Appeal is perfected in a criminal case by giving timely notice of appeal . . . 
Notice of appeal shall be given in writing filed with the clerk of the trial court. 
Such notice shall be sufficient if it shows the desire of the defendant to appeal
from the judgment or other appealable order; but if the judgment was rendered upon
his plea of guilty or nolo contendere . . . and the punishment assessed does not exceed
the punishment recommended by the prosecutor and agreed to by the defendant and his
attorney, in order to prosecute an appeal for a nonjurisdictional defect or error . . . the
notice shall state that the trial court granted permission to appeal or shall specify that
those matters were raised by written motion and ruled on before trial.


Tex. R. App. P. 40(b)(1) (emphasis added).
5.   See Fontenot v. State, No. 2-95-228-CR, slip op. at 9-12 (Tex. App.--Fort Worth Aug. 16,
1996, no pet. h.) (neither jurisdictional issue nor exception to requirements of Rule 40(b)(1)); Martinez
v. State, 907 S.W.2d 34, 36 (Tex. App.--San Antonio 1995, no pet.) (same). But see Forcha v.
State, 894 S.W.2d 506, 509 (Tex. App.--Houston [1st Dist.] 1995, no pet.) (exception to
requirements of Rule 40(b)(1)); Brown v. State, 915 S.W.2d 533, 536 (Tex. App.--Dallas 1995, pet
granted) (same); Rodriguez v. State, 850 S.W.2d 603, 606 (Tex. App.--Dallas 1995, no pet.)
(same); Miller v. State, 879 S.W.2d 336, 337 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd)
(same).
6.   See also Tillman v. State, 919 S.W.2d 836, 839 (Tex. App.--Fort Worth 1996, no pet.)
(failure to admonish is not jurisdictional error); Martinez v. State, 906 S.W.2d 651, 653 (Tex.
App.--Fort Worth 1995, no pet.) (same); Alfaro v. State, 904 S.W.2d 173, 174-75 (Tex.
App.--San Antonio 1995, no pet.) (same); Brown, 915 S.W.2d at 536 (same); McGowin, 912
S.W.2d 837, 841 (Tex. App.--Dallas 1995, no pet.) (same). But see Ramos v. State, No. 14-94-00525-CR, slip op. at 3-4 (Tex. App.--Houston [14th Dist.] June 20, 1996, no pet. h.) (treating
appeal of failure to admonish under article 26.13 as exception to rule 40(b)(1) requirements).
7.   Former art. 42.12, § 5(a) did not specify w