TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00630-CR

Charles Ray Hopkins, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 7557, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING

 Charles Ray Hopkins, appellant, was convicted of burglary of a habitation that occurred
on September 23, 1993. See Tex. Penal Code Ann. § 30.02(a)(3) (West 1994). Appellant pleaded guilty
in November 1993 pursuant to a negotiated plea bargain and was initially placed on deferred adjudication
community supervision. Later the State filed a motion to adjudicate. After a hearing in May l996, the trial
court adjudged appellant guilty and sentenced him to 30 years' imprisonment for the offense.

 In his sole point of error, appellant contends that his guilty plea was involuntary because
the trial court failed to fully admonish him that the decision to adjudicate guilt could not be appealed. The
statute applicable at the time of his plea required such a warning, but did not specify when the warning was
to be given. The statute also did not specify the consequences of a failure to make the required
admonishment. See Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471,
3500 (Tex. Code Crim. Proc. Ann. art.42.12 § 5(a), since amended).

 The issue raised by appellant has been resolved by the Court of Criminal Appeals against
appellant's position. In Brown v. State, 943 S.W.2d 35 (Tex. Crim. App. 1997), the Court held that a
defendant who receives deferred adjudication as part of a plea agreement may raise an involuntariness
claim based upon the trial court's failure to give the required information. In order to obtain relief, however,
the defendant must demonstrate that he did not otherwise receive the required information from another
source and that he would not have entered his plea had he known this information. Id. at 42. See Moss
v. State, 938 S.W.2d 186, l90-91 (Tex. App.--Austin 1997, pet. ref'd) (admonishment held not relevant
to validity of guilty plea). In this cause, appellant contends only that the requisite admonishment was not
given. He does not contend or demonstrate that he would not have entered his plea had he been fully
admonished. As a result, the claim of involuntariness fails. Appellant's point of error is overruled.

 The judgment of conviction is affirmed.

 

 Bea Ann Smith, Justice 

Before Justices Powers, Aboussie and B.A. Smith

Affirmed

Filed: December 11, 1997

Do Not Publish