TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00684-CR







Leonardo Gomez Oliva, Appellant



v.



The State of Texas, Appellee






FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY


NO. 69947, HONORABLE CHARLES D. CARVER, JUDGE PRESIDING







Appellant Leonardo Gomez Oliva pleaded guilty and judicially confessed to
attempted murder. See Tex. Penal Code Ann. §§ 15.01, 19.02 (West 1994). The criminal district
court adjudged appellant guilty and sentenced him, as agreed, to imprisonment for ten years.

The State argues that this Court is without jurisdiction because appellant did not file
a written notice of appeal. Tex. R. App. P. 25.2(a), (b). We deem the timely filed pro se
"motion to grant appeal" adequate to show appellant's desire to appeal. Tex. R. App. P.
25.2(b)(2). The State's jurisdictional challenge is overruled.

In his only point of error, appellant contends his guilty plea was not knowingly and
voluntarily made because he relied on erroneous advice by trial counsel. See Ex parte Battle, 817
S.W.2d 81, 83 (Tex. Crim. App. 1991). The State asserts that this contention is not properly
before us because appellant's notice of appeal does not comply with Texas Rule of Appellate
Procedure 25.2(b)(3). This rule is derived from the proviso clause of former Texas Rule of
Appellate Procedure 40(b)(1). The Court of Criminal Appeals held that a defendant's right to
challenge the voluntariness of a bargained guilty plea was not dependent on compliance with the
rule 40(b)(1) proviso. Flowers v. State, 935 S.W.2d 131, 133-34 (Tex. Crim. App. 1996); see
Moss v. State, 938 S.W.2d 186, 189 (Tex. App.--Austin 1997, pet. ref'd). The State does not
mention Flowers in its brief or argue that the holding in that opinion does not apply to this appeal. 
We will address the merits of appellant's claim.

Before pleading guilty, appellant was admonished as required by statute. Tex. Code
Crim. Proc. Ann. art. 26.13(a) (West 1989). Among other things, appellant was told that if the
plea bargain was followed, he could not appeal without the court's permission. Id. art.
26.13(a)(3). Appellant told the court he understood this. Appellant's plea was accepted and the
proceeding was recessed to allow the preparation of a presentence report. The parties appeared
before the court for sentencing one month later. After sentence was imposed, appellant stated,
"My lawyer has informed me that I have 30 days to appeal." The court responded, "Sir, you
cannot appeal unless you get permission from this court, which I went over with you at the time
that you entered your plea of guilty." Appellant then told the court he needed a different lawyer
"because he told me that I had 30 days." The court again reminded appellant of what he had been
told when he pleaded guilty. The court then denied permission to appeal. 

Appellant argues that "it is uncontroverted that defense counsel misinformed
Appellant that he had 30 days to appeal his case, when in fact Appellant could not appeal without
first obtaining the permission of the trial court." Appellant urges that as a result of this
misrepresentation, he "could not have had an accurate understanding of the consequences of his
plea and therefore the plea was not knowingly and voluntarily entered."

 Appellant's argument is based on the erroneous premise that he could not appeal
without the court's permission. In fact, appellant did not require the court's permission to appeal
rulings on written pretrial motions, jurisdictional issues, and the voluntariness of his plea. See
Flowers, 935 S.W.2d at 133-34; Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994);
Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Moss, 938 S.W.2d at 189. While
this right to appeal was limited in scope, appellant does not contend that he was misled in that
regard.

Counsel's advice that appellant had thirty days to perfect appeal was correct,
assuming no motion for new trial was filed. Tex. R. App. P. 26.2(a)(1). There is no evidence
that appellant was misinformed of his rights by counsel, and therefore no basis for appellant's
contention that his guilty plea was involuntary. The point of error is overruled. 

The judgment of conviction is affirmed.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: November 19, 1998

Do Not Publish



 SIZE="3">

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY


NO. 69947, HONORABLE CHARLES D. CARVER, JUDGE PRESIDING







Appellant Leonardo Gomez Oliva pleaded guilty and judicially confessed to
attempted murder. See Tex. Penal Code Ann. §§ 15.01, 19.02 (West 1994). The criminal district
court adjudged appellant guilty and sentenced him, as agreed, to imprisonment for ten years.

The State argues that this Court is without jurisdiction because appellant did not file
a written notice of appeal. Tex. R. App. P. 25.2(a), (b). We deem the timely filed pro se
"motion to grant appeal" adequate to show appellant's desire to appeal. Tex. R. App. P.
25.2(b)(2). The State's jurisdictional challenge is overruled.

In his only point of error, appellant contends his guilty plea was not knowingly and
voluntarily made because he relied on erroneous advice by trial counsel. See Ex parte Battle, 817
S.W.2d 81, 83 (Tex. Crim. App. 1991). The State asserts that this contention is not properly
before us because appellant's notice of appeal does not comply with Texas Rule of Appellate
Procedure 25.2(b)(3). This rule is derived from the proviso clause of former Texas Rule of
Appellate Procedure 40(b)(1). The Court of Criminal Appeals held that a defendant's right to
challenge the voluntariness of a bargained guilty plea was not dependent on compliance with the
rule 40(b)(1) proviso. Flowers v. State, 935 S.W.2d 131, 133-34 (Tex. Crim. App. 1996); see
Moss v. State, 938 S.W.2d 186, 189 (Tex. App.--Austin 1997, pet. ref'd). The State does not
mention Flowers in its brief or argue that the holding in that opinion does not apply to this appeal. 
We will address the merits of appellant's claim.

Before pleading guilty, appellant was admonished as required by statute. Tex. Code
Crim. Proc. Ann. art. 26.13(a) (West 1989). Among other things, appellant was told that if the
plea bargain was followed, he could not appeal without the court's permission. Id. art.
26.13(a)(3). Appellant told the court he understood this. Appellant's plea was accepted and the
proceeding was recessed to allow the preparation of a presentence report. The parties appeared
before the court for sentencing one month later. After sentence was imposed, appellant stated,
"My lawyer has informed me that I have 30 days to appeal." The court responded, "Sir, you
cannot appeal unless you get permission from this court, which I went over with you at the time
that you entered your plea of guilty." Appellant then told the court he needed a different lawyer
"because he told me that I had 30 days." The court again reminded appellant of what he had been
told when he pleaded guilty. The court then denied permission to appeal. 

Appellant argues that "it is uncontroverted that defense counsel misinformed
Appellant that he had 30 days to appeal his case, when in fact Appellant could not appeal without
first obtaining the permission of the trial court." Appellant urges that as a result of this
misrepresentation, he "could not have had an accurate understanding of the consequences of his
plea and therefore the plea was not knowingly and voluntarily entered."

 Appellant's argument is based on the erroneous premise that he could not appeal
without the court's permission. In fact, appellant did not require the court's permission to appeal
rulings on written pretrial motions, jurisdictional issues, and the voluntariness of his plea. See
Flowers, 935 S.W.2d at 133-34; Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994);
Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Moss, 938 S.W.2d at 189. While
t