TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00034-CR






Jaime Martinez, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 95-452-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







Appellant Jaime Martinez pleaded guilty and judicially confessed to aggravated
assault. Tex. Penal Code Ann. § 22.02 (West 1994). Pursuant to a plea bargain agreement, the
district court placed appellant on deferred adjudication community supervision. Two years later,
following a hearing on the State's motion to adjudicate, the court revoked supervision, adjudicated
appellant guilty, and sentenced him to imprisonment for sixteen years. In three points of error,
appellant contends the district court erred by (1) overruling motions for discovery and to suppress
evidence filed one week before the hearing on the motion to adjudicate, (2) admitting statements
at the adjudication hearing that were taken from him in violation of his constitutional and statutory
rights, and (3) failing to conduct a separate punishment hearing following adjudication.

The State argues that this appeal should be dismissed for want of jurisdiction
because appellant waived his right to appeal. The waiver to which the State refers was signed in
October 1995, on the day appellant entered his guilty plea. If effective at all, this waiver applied
only to appellant's right to appeal immediately after adjudication was deferred and he was placed
on community supervision. See Moss v. State, 938 S.W.2d 186, 190 (Tex. App.--Austin 1997,
pet. ref'd); Tex. Code Crim. Proc. Ann. art. 44.01(j) (West Supp. 1999). It does not preclude
this appeal following adjudication and sentencing. See Moss, 938 S.W.2d at 190; Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1999). 

While appellant did not waive his right to appeal, we agree with the State's
contention that he did not properly invoke our jurisdiction. The limitations on the right to appeal
imposed by what is now Texas Rule of Appellate Procedure 25.2(b)(3) apply to a defendant who,
like appellant, bargains for and receives deferred adjudication and is later adjudicated guilty. See
Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996); Moss, 938 S.W.2d at 189. The
rule applies even to errors or defects occurring after the guilty plea. See Davis v. State, 870
S.W.2d 43, 46 (Tex. Crim. App. 1994); Hutchins v. State, 887 S.W.2d 207, 209 (Tex.
App.--Austin 1994, pet. ref'd). Appellant's notice of appeal does not comply with rule
25.2(b)(3), and in particular does not state that he has the district court's permission to appeal. 
His points of error do not relate to the voluntariness of his guilty plea. See Flowers v. State, 935
S.W.2d 131, 133-34 (Tex. Crim. App. 1996); Hernandez v. State, No. 03-98-00279-CR (Tex.
App.--Austin Mar. 4, 1999, pet. filed) (voluntariness issue not subject to rule 25.2(b)(3)).

The appeal is dismissed for want of jurisdiction. (1)



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Dismissed for Want of Jurisdiction

Filed: May 6, 1999

Do Not Publish













* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. We would not reach points one and two in any case. No appeal may be taken from the
determination to proceed to adjudication. Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992);
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (West Supp. 1999). A defendant whose deferred adjudication supervision has
been revoked and who has been adjudicated guilty may not raise on appeal contentions of error
in the adjudication process. Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). 



 and sentenced him to imprisonment for sixteen years. In three points of error,
appellant contends the district court erred by (1) overruling motions for discovery and to suppress
evidence filed one week before the hearing on the motion to adjudicate, (2) admitting statements
at the adjudication hearing that were taken from him in violation of his constitutional and statutory
rights, and (3) failing to conduct a separate punishment hearing following adjudication.

The State argues that this appeal should be dismissed for want of jurisdiction
because appellant waived his right to appeal. The waiver to which the State refers was signed in
October 1995, on the day appellant entered his guilty plea. If effective at all, this waiver applied
only to appellant's right to appeal immediately after adjudication was deferred and he was placed
on community supervision. See Moss v. State, 938 S.W.2d 186, 190 (Tex. App.--Austin 1997,
pet. ref'd); Tex. Code Crim. Proc. Ann. art. 44.01(j) (West Supp. 1999). It does not preclude
this appeal following adjudication and sentencing. See Moss, 938 S.W.2d at 190; Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1999). 

While appellant did not waive his right to appeal, we agree with the State's
contention that he did not properly invoke our jurisdiction. The limitations on the right to appeal
imposed by what is now Texas Rule of Appellate Procedure 25.2(b)(3) apply to a defendant who,
like appellant, bargains for and receives deferred adjudication and is later adjudicated guilty. See
Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim. App. 1996); Moss, 938 S.W.2d at 189. The
rule applies even to errors or defects occurring after the guilty plea. See Davis v. State, 870
S.W.2d 43, 46 (Tex. Crim. App. 1994); Hutchins v. State, 887 S.W.2d 207, 209 (Tex.
App.--Austin 1994, pet. ref'd). Appellant's notice of appeal does not comply with rule
25.2(b)(3), and in particular does not state that he has the district court's permission to appeal. 
His points of error do not relate to the voluntariness of his guilty plea. See Flowers v. State, 935
S.W.2d 131, 133-34 (Tex. Crim. App. 1996); Hernandez v. State, No. 03-98-00279-CR (Tex.
App.--Austin Mar. 4, 1999, pet. filed) (voluntariness issue not subject to rule 25.2(b)(3)).

The appeal is dismissed for want of jurisdiction. (1)