TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00499-CR

Travis Don Pruitt, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 7337, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

In September 1994, appellant Travis Don Pruitt pleaded guilty and judicially
confessed to the aggravated sexual assault of a child. See Tex. Penal Code Ann.
§ 22.021(a)(1)(B)(i), (2)(B) (West Supp. 1999). The district court found that the evidence
substantiated appellant's guilt and, pursuant to a plea bargain agreement, deferred further
proceedings without adjudicating guilt and placed appellant on community supervision. In March
1998, the district court revoked supervision and adjudicated appellant guilty on the State's motion. 
Following a punishment hearing in August 1998, the court assessed punishment at imprisonment
for ten years, but suspended imposition of sentence and returned appellant to community
supervision.

In two points of error, appellant contends the district court erred by overruling the
motion to withdraw his guilty plea filed after he was adjudicated guilty, and by overruling his
motion for new trial without a hearing. Appellant did not properly invoke our jurisdiction to
consider these contentions. The limitations on the right to appeal imposed by Texas Rule of
Appellate Procedure 25.2(b)(3) apply to a defendant who, like appellant, bargains for and receives
deferred adjudication and is later adjudicated guilty. See Watson v. State, 924 S.W.2d 711, 714
(Tex. Crim. App. 1996); Moss v. State, 938 S.W.2d 186, 189 (Tex. App.--Austin 1997, pet.
ref'd). Rule 25.2(b)(3) applies even to errors or defects occurring after the guilty plea. See Davis
v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Hutchins v. State, 887 S.W.2d 207, 209
(Tex. App.--Austin 1994, pet. ref'd). Appellant's notice of appeal does not comply with rule
25.2(b)(3), and in particular does not state that he has the district court's permission to appeal.

The State's brief contains a cross-point by which it contends the district court was
not authorized to place appellant on community supervision. Because we must dismiss appellant's
appeal, we do not reach this cross-point. See Armstrong v. State, 805 S.W.2d 791 (Tex. Crim.
App. 1991). 

The appeal is dismissed for want of jurisdiction.

 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: October 14, 1999

Do Not Publish