**Fitzroy BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–93–00378–CR to 05–93–00380–CR.

Court of Appeals of Texas, Dallas.

Nov. 27, 1995.

534

Gary A. Udashen, Milner Goranson Sorrels Udashen & Wells, Dallas, for Appellant.

Michael J. Sandlin, Assistant District Attorney, Dallas, for State.

Before KINKEADE, OVARD and MALONEY, JJ.

## OPINION

MALONEY, Justice.

The trial court convicted Fitzroy Brown of two deliveries of cocaine (F90–29764–RWR and F90–29765–RWR) and of possession of cocaine (F90–10634–RWR). In cause numbers F90–10634–RWR and F90–29765–RWR, the trial court assessed ten year sentences. In cause number F90–29764–RWR, the trial court assessed a sixty year sentence. In all three cases, appellant contends the trial court incorrectly admonished him on the range of punishment. In cause number F90–29764–RWR, appellant contends the trial court failed to admonish him under article 42.12, section 5(a) of the code of criminal procedure. We conclude the *Helms* waiver rule applies to appellant's complaint about the improper punishment admonishment. *See Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). We conclude the failure to admonish under article 42.12, section 5(a) did not render appellant's plea involuntary. We affirm the trial court's judgments.

## BACKGROUND

In each case, appellant and the State entered into a plea bargain agreement. In cause number F90–10634–RWR, the State recommended a ten year sentence, probated for ten years, and a $750 fine in exchange for appellant's plea of guilty. In cause number F90–29765–RWR, the State recommended a ten year sentence, probated for ten years, and a $1000 fine in exchange for a plea of guilty. In cause number F90–29764–RWR, the State recommended the trial court defer a finding of guilt, place appellant on a ten year probation, and assess a $1000 fine. The trial court accepted appellant's pleas of guilty and assessed punishment in accordance with the plea bargain agreements.

Subsequently, the State filed motions to revoke appellant's probation in cause numbers F90–10634–RWR and F90–29765–RWR, and a motion to proceed with an adjudication of guilt in cause number F90–29764–RWR. Although appellant pleaded true to the allegations in each motion, appellant and the State made no agreement on punishment. Following a hearing, the trial court granted the State's motions. It revoked appellant's probation in the first two cases and assessed a ten year sentence in each case. In the third case, the trial court found appellant guilty and assessed a sixty year sentence.

## ADMONISHMENTS

■ In appellant's first point of error in cause numbers F90–10634–RWR and F90–29765–RWR and in his second point of error in cause number F90–29764–RWR, he contends the trial court erred in admonishing him on the proper range of punishment in each of the underlying offenses. He maintains this error requires reversal. Although appellant's counsel filed an *Anders* brief, he also raised arguable points of error. We address the merits of appellant's argument because he briefed the issue for our review.[1]

### 1. Applicable Law

■ A guilty plea entered without a plea bargain agreement waives all nonjurisdiction-

---

1. In cause numbers F90–10634–RWR and F90–29765–RWR, appellant's counsel complains of the improper admonishment as an "arguable" point of error in an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). "The purpose of an *Anders* brief is to support the appellate counsel's motion to withdraw by showing that appellate counsel performed a conscientious examination of the record and *that the appeal is so frivolous* that the indigent appellant should be denied his federal constitutional right to appointed counsel on appeal." *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.—Dallas 1995, no pet.) (emphasis add-

ed). A point of error which is "arguable" is, by definition, not frivolous. *See Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.—Waco 1994, pet. ref'd) (per curiam) (citing *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400). Because appellant's counsel raised an arguable point of error on appeal and requested we reverse these cases, counsel necessarily concluded these appeals are *not frivolous*. Although we will address appellant's "arguable" point of error on appeal, we caution that appellants should in the future raise arguable points of error in traditional briefs on the merits, not in *Anders* briefs.

al defects occurring before the entry of a plea. *Helms,* 484 S.W.2d at 927; *Soto v. State,* 837 S.W.2d 401, 403 (Tex.App.—Dallas 1992, no pet.). Trial court error in admonishments is trial error which occurs before the plea's entry, *unless* the appellant contends the trial court's improper admonishments rendered the defendant's plea involuntary. *See Penny v. State,* 880 S.W.2d 59, 61 (Tex.App.—Dallas 1994, no pet.) (en banc). An appellant's failure to connect the improper admonishments to voluntariness waives any error. *See McGowin v. State,* 912 S.W.2d 837 (Tex.App.—Dallas 1995, no pet. h.); *Penny,* 880 S.W.2d at 61.

### 2. Application of Law to Facts

■ Appellant does not contend the improper punishment admonishment rendered his plea involuntary. Consequently, we view appellant's points of error as nonjurisdictional defects that occurred before the plea's entry. Appellant waived any complaint about the improper punishment admonishments. We overrule appellant's first point of error in cause numbers F90–10634–RWR and F90–29765–RWR and his second point of error in cause number F90–29764–RWR.

### ARTICLE 42.12 ADMONISHMENTS

In appellant's first point of error in cause number F90–29764–RWR, he contends the trial court erred in failing to admonish him under article 42.12, section 5(a) of the code of criminal procedure. Appellant contends the trial court's failure requires reversal because it rendered his plea involuntary.

The State responds that the failure to admonish under section 5(a) did not render appellant's plea involuntary, citing *Price v. State,* 866 S.W.2d 606 (Tex.Crim.App.1993). Alternatively, the State argues the trial court substantially complied with section 5(a), and appellant has failed to affirmatively demonstrate harm.

### 1. Applicable Law

■ We must construe a statute to carry out the legislature's intent. *See Patterson*

*v. State,* 769 S.W.2d 938, 940 (Tex.Crim.App. 1989). We determine the legislature's intent from the statute's language and "the context of the entire law in which it is written." *Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex. Crim.App.1992). We must focus on the literal text of the statute. If the literal text of a statute is clear, we give effect to its plain meaning. *See Iglehart v. State,* 837 S.W.2d 122, 126 (Tex.Crim.App.1992); *see also Enos v. State,* 889 S.W.2d 303, 305 (Tex.Crim.App. 1994). We may not add or subtract from the statutory language. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

■ When the legislature amends a statute, we presume the legislature meant to change the law, and we give effect to the intended change. *Cook v. State,* 824 S.W.2d 634, 643 (Tex.App.—Dallas 1991), *pet. ref'd per curiam,* 828 S.W.2d 11 (Tex.Crim.App. 1992); *Maycock v. State,* 801 S.W.2d 567, 568 (Tex.App.—Dallas 1990, no pet.). We also presume the legislature was aware of all caselaw affecting or relating to the statute. *Grunsfeld,* 843 S.W.2d at 523. We presume the legislature used every word for a purpose *and* excluded every word excluded for a purpose. *Cook,* 824 S.W.2d at 643.

### 2. Application of Law to Facts

■ Here, the trial court did not admonish appellant under article 42.12, section 5(a) of the code of criminal procedure.[2] Whether the trial court's failure to admonish a defendant under section 5(a) *in a felony case* renders the defendant's plea involuntary is an issue of first impression for this Court.

The court of criminal appeals has addressed this issue as it applies to misdemeanors. *See Price,* 866 S.W.2d at 608–13. The *Price* court held that the failure to admonish a defendant under section 5(a) does not render the defendant's plea involuntary. *See id.* at 613. It, however, restricted its analysis and holding to misdemeanor cases.

Although the court of criminal appeals has not yet considered this issue as *it applies to*

---

2. The trial court did advise appellant that if he violated his probation, it could find him guilty and assess punishment anywhere within the ap-

plicable range. This admonishment does not include all the section 5(b) information.

felonies, several intermediate appellate courts have done so.[3] We agree with those courts that hold the failure to admonish under section 5(a) does not render a defendant's plea involuntary. *See Ward,* 906 S.W.2d at 185; *Fregia,* 903 S.W.2d at 100; *Brown,* 896 S.W.2d at 331; *Joyner,* 882 S.W.2d at 61. However, we do so for different reasons than those expressed in *Ward, Fregia, Brown,* and *Joyner.*[4]

 Section 5(a)'s "informational" requirement is mandatory and applies to both felony and misdemeanor cases. *Price,* 866 S.W.2d at 610. When the trial court finds that the evidence substantiates the defendant's guilt, but defers finding him guilty:

> The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. If the information is provided orally, the judge must record and maintain the judge's statement to the defendant.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1995). We read section 5(a) to specifically require a trial court to admonish a defendant as follows:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, [you] may be arrested and detained as provided in Section 21 of this article. [You are] entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.

After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and [your] appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1995). We note, as did the *Price* court, that section 5(a) does not specify *when* the trial court must give section 5(b) admonishments.

Nor does section 5(a) condition the trial court's acceptance of a defendant's plea on his receiving and understanding the admonishments as article 26.13 does. Article 26.13 clearly states that *"[p]rior to accepting a plea of guilty or a plea of nolo contendere,* the court shall admonish the defendant...." TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989) (emphasis added). That the legislature explicitly required the trial court to give article 26.13 admonishments *before* it could accept a defendant's guilty plea shows that the legislature knew how to require an admonishment be given "preplea" when that was its intent. The legislature omitted this "preplea" language when it amended section 5(a). From this amendment and the language of 26.13, we presume the legislature neither intended to (1) treat the section 5(a) requirements the same as article 26.13 admonishments, nor (2) require the trial courts to give section 5(a) admonishments as a condition precedent to accepting a plea.[5] If the trial court need not give section 5(a) admon-

---

3. *Compare Marin v. State,* 901 S.W.2d 542 (Tex. App.—El Paso 1995, pet. filed) (concluding trial court's failure to admonish under section 5(a) in felony case rendered plea involuntary); *Ray v. State,* 877 S.W.2d 425 (Tex.App.—Eastland 1994, pet. granted) (same); *Graham v. State,* 873 S.W.2d 709 (Tex.App.—Eastland 1994, no pet.) (same), *with Martinez v. State,* 906 S.W.2d 651 (Tex.App.—Fort Worth 1995, pet. filed) (concluding failure to admonish under section 5(a) in felony case did not require reversal); *Ward v. State,* 906 S.W.2d 182 (Tex.App.—Austin 1995, no pet.) (concluding failure to admonish under section 5(a) did not render guilty plea in felony case involuntary); *Fregia v. State,* 903 S.W.2d 94 (Tex.App.—Beaumont 1995, pet. filed) (same); *Brown v. State,* 896 S.W.2d 327 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (same); *Joyner v. State,* 882 S.W.2d 59 (Tex.App.—Houston [14th Dist.] 1994, pet. granted) (same).

4. In *Ward, Fregia, Brown,* and *Joyner,* the courts concluded that the failure to admonish did not affect the voluntariness of the pleas because there was nothing in the record to suggest that the defendants' pleas resulted from an agreement that they would receive deferred adjudication. *See Ward,* 906 S.W.2d at 184–85; *Fregia,* 903 S.W.2d at 100; *Brown,* 896 S.W.2d at 331; *Joyner,* 882 S.W.2d at 61. By contrast, the record in this case clearly indicates that appellant agreed to plead guilty in exchange for the State's recommending deferred adjudication.

5. The court of criminal appeals in *Price* explicitly rejected the State's suggestion that "the admonishment required by section 5(a) is of the same character as the Article 26.13 warnings." *Price,* 866 S.W.2d at 610 n. 6.

ishments before a defendant enters a plea, section 5(a) admonishments cannot affect a plea's voluntariness.

We find support for our conclusion in section 5(a) itself. Section 5(a) states that, "the judge may, *after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt,* defer further proceedings without entering an adjudication of guilt...." TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1995) (emphasis added). The "informational" requirement immediately follows. That the legislature chose to place the "informational" requirement *after* the "acceptance of the plea" language, rather than before, confirms that the legislature did not intend the "informational" requirement to be a condition precedent to a voluntary plea.

Moreover, the section contemplates that the trial court might not *decide* to defer an adjudication of guilt until after it accepts the plea and hears evidence. Under those circumstances, the trial court could not possibly inform a defendant of the section 5(b) information *before* entry and acceptance of the plea. To interpret the statute otherwise would lead to absurd or unjust results.[6]

A plain reading of the statute shows that section 5(a) does not require the trial court to admonish a defendant under section 5(b) before entry of a guilty plea. Because the trial court need not admonish a defendant before accepting the plea, we conclude these admonishments cannot affect the plea's voluntariness.[7] We overrule appellant's first point of error in cause number F90–29764–RWR.

**DUE PROCESS**

Appellant also raised two additional points of error (designated as Points of Error Ia and Ib) in his supplemental brief. He complains that the trial court's failure to admonish under section 5(a) violated his right to due process under the United States and Texas Constitutions. Appellant, relying upon the authority discussed in his first point of error in cause number F90–29764–RWR, contends his involuntary plea violates both the state and federal constitutions. Because we have concluded the trial court's failure to give section 5(a) admonishments before appellant entered his plea did not render appellant's plea involuntary, we need not address appellant's points of error Ia and Ib. Our disposition of appellant's first point of error in F90–29764–RWR necessarily disposes of these claims. TEX.R.APP.P. 90(a).

We affirm the trial court's judgments.

---

6. Additionally, we note that section 5(a)'s informational requirement does not distinguish between felony and misdemeanor cases. Section 5(a) does, however, distinguish between felonies and misdemeanors on maximum probation periods for deferred adjudication. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1995). That the legislature differentiated between misdemeanor and felony cases in maximum probationary periods, but not in the "informational" requirement, confirms that the legislature intended that the informational requirement be applied similarly in both cases. The *Price* court told us that section 5(a) does not require a trial court to admonish a misdemeanant prior to accepting his

plea. *See Price,* 866 S.W.2d at 613. Because the statute draws no distinction between felony and misdemeanor cases in its "informational" portion, we conclude the trial court need not admonish a felon prior to accepting his plea.

7. We note the legislature recently amended section 5(a). *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 53, 1995 Tex.Sess.Law Serv. 2734, 2750. The new version of the statute specifies that the court must inform the defendant of the consequences of violating his probation *after* the court grants the defendant deferred adjudication. *Id.*