86/633



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRUCE BEETHOVEN MALONE, Appellant

No. 05-91-01851-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F-91-61877-JW).

Opinion delivered by Justice Bridges, Justices Kinkeade and Moseley also participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 27, 1997.

_____
DAVID L. BRIDGES
JUSTICE

**AFFIRMED, and Opinion Filed January 27, 1997**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-91-01851-CR

---

**BRUCE BEETHOVEN MALONE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-91-61877-JW**

---

## OPINION

Before Justices Kinkeade, Moseley, and Bridges
Opinion By Justice Bridges

Bruce Beethoven Malone appeals his conviction for possession of less than twenty-eight grams of cocaine. In one point of error, appellant complains that his guilty plea was involuntary because the trial court did not inform him of all possible consequences of a probation violation as required by article 42.12, section 5(a) of the Texas Code of Criminal Procedure. We affirm the trial court's judgment.

Following a negotiated plea bargain, appellant pleaded guilty to the offense of

possession of cocaine in an amount less than twenty-eight grams in exchange for four years of deferred adjudication probation and a $750 fine. The trial court admonished appellant orally and in writing of his rights under article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989). The trial court also told appellant that if he violated his probation he would be entitled to a hearing at which the court could adjudicate him and find him guilty. In addition, the trial court told appellant that he could not appeal the adjudication of guilt and that he could be sentenced to a maximum of twenty years in prison.

However, the trial court did not inform appellant that if he violated his probation (1) he could be arrested and detained; (2) the hearing to which he would be entitled would be limited to a determination by the court as to whether it would proceed to an adjudication of guilt; and (3) after adjudication of guilt all proceedings, including assessment of punishment, sentencing, granting of probation, and appellant's appeal continue as if the adjudication of guilt had not been deferred. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12(5)(b) (Vernon Supp. 1997). *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500 (subsequent amendments omitted) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 1997)).

The trial court accepted appellant's guilty plea and found the evidence substantiated his guilt. The trial court followed the plea bargain agreement, deferred adjudication of appellant's guilt, and placed appellant on probation for four years. Additionally, the trial court assessed a $750 fine. Less than two months later, the State moved to adjudicate

appellant's guilt. Appellant pleaded true to the State's allegations. The trial court adjudicated appellant's guilt and assessed a ten-year sentence.

In his sole point of error, appellant argues that his guilty plea was involuntary because the trial court did not inform him of all possible consequences of a probation violation as required by article 42.12, section 5(a) of the Texas Code of Criminal Procedure. The State asserts that appellant's plea was not involuntary because the trial court substantially complied with article 42.12, section 5(a).

This Court previously concluded that the trial court's failure to give the information required by article 42.12, section 5(a) in a felony case cannot render a defendant's guilty plea involuntary. *Brown v. State*, 915 S.W.2d 533, 538 (Tex. App.--Dallas 1995, pet. granted); *see also Ray v. State*, 919 S.W.2d 125, 127 (Tex. Crim. App. 1996). We determined that, because the legislature placed the "informational" requirement after the "acceptance of the plea" language, it did not intend the informational requirement to be a condition precedent to a voluntary plea. *Brown*, 915 S.W.2d at 537; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 1997). In this appeal, appellant raises the same argument we addressed in *Brown*. Accordingly, we overrule appellant's point of error. *See Brown*, 915 S.W.2d at 538.

We affirm the trial court's judgment.

DAVID L. BRIDGES
JUSTICE

Do Not Publish
Tex. R. App. P. 90
911851F.U05