**AFFIRM and Opinion Filed February 24, 1997**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-92-02099-CR
No. 05-92-02100-CR

**JEFFERY SCOTT ALEXANDER, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause Nos. F91-43146-KI & F91-44292-SI

# OPINION

Before Justices Ovard, Maloney, and Wright
Opinion By Justice Maloney

The trial court convicted Jeffery Scott Alexander of forgery in cause number F91-43146-KI (appellate cause number 05-92-02099-CR) and burglary of a habitation in cause number F91-44292-SI (appellate cause number 05-92-02100-CR). The trial court assessed a ten year sentence and a $1,000 fine in the forgery and a thirty year sentence and a $1,000 fine in the burglary of a habitation. Appellant, in three points of error, argues that (1) his

plea was not entered knowingly or voluntarily because the trial court did not inform appellant of all possible consequences of violating his deferred adjudication community supervision, and (2) the evidence was insufficient to support his convictions. We affirm the trial court's judgments.

## BACKGROUND

The grand jury indicted appellant for forgery. Appellant and the State entered into a plea bargain agreement. Appellant agreed to enter his plea of guilty in exchange for the State recommending that the trial court defer finding appellant guilty, place him on community supervision for six years, and assess a $1,000 fine. The trial court accepted appellant's plea of guilty and assessed punishment in accordance with the plea bargain agreement. The State subsequently moved to proceed with an adjudication of guilt in the forgery, alleging that appellant violated several conditions of his community supervision.

Additionally, the grand jury indicted appellant for burglary of a habitation. Appellant pleaded true to the violations of his community supervision and guilty to the burglary of a habitation without benefit of a plea bargain agreement. The trial court found appellant guilty of the forgery and the burglary of a habitation.

## CAUSE NUMBER F91-43146-KI--FORGERY

In appellant's first point of error, appellant argues that he did not enter his guilty plea knowingly or voluntarily because the trial court did not admonish him as required by article 42.12, section 5(a) of the code of criminal procedure. Specifically, appellant

contends that the trial court did not admonish him either orally or in writing that he could not appeal from the trial court's determination to proceed to an adjudication of guilt on the forgery. The State responds that the failure to admonish under section 5(a) does not render appellant's plea involuntary.

In appellant's second point of error, he contends the evidence is legally insufficient to support his forgery conviction. He maintains an agreement to stipulate will not substitute for the State's duty to offer evidence of appellant's guilt. The State responds that the record contains a valid judicial confession which is sufficient to support appellant's conviction.

## 1. Jurisdiction--Sufficiency of the Evidence

### a. Applicable Law

The Texas Rules of Appellate Procedure provide that if the trial court renders judgment on a defendant's plea of guilty, and:

> the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX. R. APP. P. 40(b)(1). A defendant's notice of appeal must comply with rule 40(b)(1) to give this Court jurisdiction to address nonjurisdictional errors. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App.), *cert. denied*, 114 S. Ct. 2684 (1994). If a defendant enters a plea of guilty to deferred adjudication and the trial court assesses punishment in accordance

with the plea bargain agreement, even if appellant's plea of true in an adjudication is made without benefit of a plea bargain agreement, rule 40(b)(1) applies. *See Watson v. State*, 924 S.W.2d 711, 713-15 (Tex. Crim. App. 1996); TEX. CODE CRIM. PROC. ANN. art. 42.12(5)(b). Sufficiency of the evidence is a nonjurisdictional defect. *Lyon*, 872 S.W.2d at 736; *Wolfe v. State*, 878 S.W.2d 645, 646 (Tex. App.--Dallas 1994, no pet.).

If appellant's notice of appeal alleges that the trial court granted permission to appeal nonjurisdictional errors, we may review the record for support of that allegation. *See, e.g., Montalbo v. State*, 885 S.W.2d 160, 161 (Tex. Crim. App. 1994) (remanding case to court of appeals to determine whether recital of permission to appeal is sufficient to comply with rule 40(b)(1)); *Solis v. State*, 890 S.W.2d 518, 520 (Tex. App.--Dallas 1994, no pet.) (holding appellate court may review the entire record to determine whether the trial court granted permission to appeal); *Hutchins v. State*, 887 S.W.2d 207, 210 (Tex. App.--Austin 1995, pet. ref'd) (holding appellate court must examine the record to determine if the recitals in the notice of appeal are true).

### b. Application of Law to Facts

Appellant, in exchange for a plea bargain, entered a plea of guilty to forgery. The trial court followed the plea bargain agreement. Appellant's preprinted notice of appeal alleges that the trial court granted permission to appeal. Nothing in the record, however, supports appellant's assertion. Consequently, we have no jurisdiction to review appellant's second point of error -- a nonjurisdictional sufficiency of the evidence point of error -- in

the forgery case.

## 2. Admonishments

### a. Applicable Law

The version of article 42.12, section 5(a) in effect when the trial court placed appellant on deferred adjudication community supervision required the trial court to inform a defendant of the consequences of violating the conditions of his community supervision. Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500-01, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 4.01, 1993 Tx. Gen. Laws 3586, 3719, *amended by* Act of May 26, 1995, 74th Leg., ch. 256, § 2, 1995 Tex. Gen. Laws 2190, 2191, *amended by* Act of May 29, 1995, 74th Leg, ch. 318, § 53, 1995 Tex. Gen. Laws 2734, 2750 (current version at Tex. Code Crim. Proc. Ann. art. 42.12, §5(a) (Vernon Supp. 1997)). Section 5(b) enumerated the possible consequences, one of which was that a defendant could not appeal from a trial court's determination to proceed with an adjudication of guilt on the original charge. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3500-01, *amended by* Act of May 29, 1993, 73rd Leg., ch. 900, § 4.01, 1993 Tx. Gen. Laws 3586, 3719, *amended by* Act of May 29, 1995, 74th Leg, ch. 318, § 53, 1995 Tex. Gen. Laws 2734, 2750 (current version at Tex. Code Crim. Proc. Ann. art. 42.12, §5(b) (Vernon Supp. 1997)).

The trial court's failure to inform a defendant of the consequences before accepting his plea, however, does not render his plea involuntary. *Brown v. State*, 915 S.W.2d 533,

538 (Tex. App.--Dallas 1995, pet. granted), *aff'd*, No. 356-96 (Tex. Crim. App. Feb. 12, 1997). Because the legislature placed the informational requirement after the acceptance of the plea language, it did not intend the informational requirement to be a condition precedent to a voluntary plea.[1] *See Ray v. State*, 919 S.W.2d 125, 127 (Tex. Crim. App. 1996) (holding that failure to give section five admonishments before accepting a non-negotiated plea of guilty did not render that plea involuntary); *see also Price v. State*, 866 S.W.2d 606, 608-13 (Tex. Crim. App. 1993) (holding same could not render a guilty plea involuntary in a misdemeanor case); *Brown*, 915 S.W.2d at 537-38 (comparing article 26.13 language to article 42.12 section 5(a) language).

### b. Application of Law to Facts

The record contains no written admonishment warning appellant that he could not appeal from the trial court's decision to adjudicate his guilt in the forgery. However, the trial court's failure to inform appellant that he could not appeal from its decision to adjudicate could not render his plea involuntary. We overrule appellant's first point of error.

### CAUSE NUMBER F91-44292-SI--SUFFICIENCY OF THE EVIDENCE

In appellant's third point of error, he contends the evidence is insufficient to support his guilty plea under article 1.15 of the Texas Code of Criminal Procedure. Appellant

---

[1] In 1995, the legislature amended section 5(a). The new version of the statute specifies that the trial court must inform the defendant of community supervision violation consequences *after* it grants the defendant deferred adjudication probation. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 53, 1995 Tex. Gen. Laws 2734, 2750.

maintains that his "judicial confessions" were simply written pleas of guilty and the State offered no other evidence of appellant's guilt.

### a. Applicable Law

In a bench trial, a plea of guilty alone will not support a felony conviction. The State must introduce sufficient evidence to support the conviction. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 1997); *Dinnery v. State*, 592 S.W.2d 343, 351 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g). A judicial confession alone, however, is sufficient to support a conviction on a guilty plea. *Dinnery*, 592 S.W.2d at 353. A judicial confession admitted into evidence and not found in the statement of facts, but contained in the transcript, is sufficient to prove appellant's guilt. *Pitts v. State*, 916 S.W.2d 507, 510 (Tex. Crim. App. 1996). A defendant's sworn testimony is a judicial confession. *See Davenport v. State*, 858 S.W.2d 1, 3 (Tex. App.--Dallas 1993, no pet.); *Jones v. State*, 857 S.W.2d 108, 110-11 (Tex. App.--Corpus Christi 1993, no pet.).

### b. Application of Law to Facts

Appellant entered a plea of guilty without benefit of a plea bargain in the burglary of a habitation. The State offered, and the trial court admitted, appellant's judicial confession as State's exhibit number one. Appellant did not object. The transcript contains a State's exhibit number one. A judicial confession admitted and contained in the transcript is sufficient to support a plea of guilty.

Additionally, the transcript in cause number F91-44292-SI contains a document

-7-

entitled *Waiver of Jury/Felony Plea of Guilty/Nolo Contendere/Indictment/Information*. In this document, appellant judicially confessed that he was "guilty of the offense of burglary of a habitation exactly as alleged in the charging instrument . . . ." This second confession is in the same type of document that the *Pitts* court found sufficient evidence to support a plea of guilty. *See Pitts*, 916 S.W.2d at 509-10.

Moreover, appellant testified that he committed the burglary of a habitation and that he was pleading guilty because he was guilty. Appellant's sworn testimony that he was guilty as charged in the indictment, without elaboration, was sufficient to support appellant's guilty plea under article 1.15. We overrule appellant's third points of error.

We affirm the trial court's judgments.

FRANCES MALONEY
JUSTICE

Do Not Publish
Tex. R. App. P. 90
922099F.U05

-8-





# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-92-02099-CR

JEFFERY SCOTT ALEXANDER,
Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 2 of Dallas County, Texas. (Tr.Ct.No.
F91-43146-KI).

Opinion delivered by Justice Maloney,
Justices Ovard and Wright participating.

## JUDGMENT

Based on the Court's opinion of this date, we **AFFIRM** the judgment of the trial
court.

Judgment entered February 24, 1997.

_Frances Maloney_
FRANCES MALONEY
JUSTICE





# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-92-02100-CR

JEFFERY SCOTT ALEXANDER, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 2 of Dallas County, Texas. (Tr.Ct.No. F91-44292-SI).

Opinion delivered by Justice Maloney, Justices Ovard and Wright participating.

## JUDGMENT

Based on the Court's opinion of this date, we **AFFIRM** the judgment of the trial court.

Judgment entered February 24, 1997.

FRANCES MALONEY
JUSTICE