COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-022-CR

 

 

CRISTOBAL ORTIZ                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In one point, Cristobal Ortiz asserts that the
trial court abused its discretion by denying Ortiz=s motion
for new trial where the evidence and testimony raised within that hearing
established Ortiz=s failure to knowingly and
voluntarily enter his guilty plea. 








II. 
Factual and Procedural History

A. 
Background

The indictment charged Ortiz with unlawful
possession of a firearm, wherein the range of punishment for the charged
offense was two to ten years=
confinement.  Ortiz rejected a six-year
plea offer.  Ortiz=s trial
counsel then informed him that if he entered an open plea, the judge could
consider probation to ten years=
confinement when assessing punishment. 

After the trial court explained the plea
admonishment to Ortiz, Ortiz then signed in three places a written plea
admonishment document.  When the document
was initially filled out, the document included the plea-bargain offer of six
years=
imprisonment; however, the judge also checked the box: AThis is
not a plea-bargain case, and the Defendant has the right of appeal.@  The trial court accepted Ortiz=s open
plea and sentenced Ortiz to eight years=
confinement.

B.  Motion
for New Trial and Hearing








Ortiz filed a motion for new trial asking that
his plea be set aside because it was unknowingly and involuntarily made; he
believed that he could receive a sentence of only six years or less.  At the end of the hearing on his motion for
new trial, the trial court denied Ortiz=s motion
for new trial because the plea admonishment document contained a proper
admonishment on the range of punishment to an open plea.  Among the facts discussed in the plea
admonishment document were 1) the charge Ortiz faced; 2) the range of
punishment of two to ten years; 3) Ortiz was entering an open plea; 4) the
State had offered a six-year plea bargain; 5) plea recommendations are not,
generally, binding upon the court; and 6) the trial court was entitled to set
Ortiz=s
punishment anywhere within the range provided for this crime.  The plea papers also contained the following
express admonishment regarding open pleas:

Open Plea (No Agreement):
If you have plead[ed] guilty without a plea agreement, the plea proceeding is
your trial.  If the Court finds you
guilty, your punishment can be set anywhere within the range of punishment
prescribed by law for the offense.  If
you are eligible, you may receive deferred adjudication or community
supervision, but there is no assurance that you will.  Once the Court has accepted your plea of
guilty, you cannot withdraw your plea without permission from the Court.

 

The record shows that Ortiz understood the
written waiver, the admonishments, and that the punishment range for his
charged offense was a minimum of two years and a maximum of ten years.  Ortiz confirmed that  he signed the waiver of his rights but stated
he did so because he believed he had agreed to a maximum of six years=
confinement in prison.








Ortiz testified that he waived his right to a
jury trial because of his reliance on the Awritten
plea admonishments and waiver.@  He further said the trial court failed to
tell him that the trial court was not bound by the six years noted in the
admonishments or that he could withdraw his plea and start over. Ortiz
reiterated that he waived everything based on his understanding that the
maximum sentence would be six years and stated that he hoped to get
probation.  While testifying, Ortiz
confirmed that two boxes were checked referring to the ACertificate
of Appellant=s Rights.@  One box was originally checked and scratched
out.  The box said, AThis is
a plea-bargain case.A Ortiz also acknowledged that
another statement was checked indicating, A[t]his
is not a plea-bargain case and the defendant has a right to appeal.@  Ortiz also testified that the trial court
started reading the file and never mentioned if the range of punishment was two
to ten years or anything like that to him.








Ortiz=s trial
counsel testified during the motion for new trial hearing.  He stated that he understood the punishment
range for third-degree felonies was two to ten years for penitentiary time and
a fine of up to $10,000.  He said that
negotiations with the State led to a final offer of six years.  The record indicated that the offer was
communicated to Ortiz and that Ortiz did not accept the offer.  Additionally, trial counsel reviewed the plea
admonishments with Ortiz, specifically going over the AOpen
Plea@
paragraph with Ortiz.  Trial counsel
opined that Ortiz understood the consequences of entering an open plea and that
there was no six-year cap on punishment, nor was one ever conveyed to Ortiz.

Trial counsel testified that he informed Ortiz
that if they asked for an open plea, the judge would make the decision, and it
would be final.  The record also shows
that trial counsel told Ortiz that the range of punishment on an open plea was Awide
open.@  He also explained to Ortiz that the
punishment was anywhere from probation, including deferred, all the way up to
ten years.  The record also indicated
that trial counsel did not make any guarantees and explained the risks of an
open plea to his client.

Trial counsel did not raise an objection
contending the sentence exceeded the cap on punishment when the trial court
assessed eight years.  During
cross-examination, trial counsel testified that Ortiz rejected the State=s plea
offer with the understanding that the offer was then off the table.  Moreover, trial counsel said that he told
Ortiz they would have to live with whatever the judge decided.








The testimony indicated a motion to suppress
hearing was waived based on Ortiz=s
statement that he would rather do an open plea and see what the judge would
give him.  Trial counsel said that he
hoped to get some type of deferred sentence, which could be acquired only
through the judge, and that he also believed the judge had the full range of
punishment in an open plea.  The record
indicated Ortiz=s counsel understood that the
trial court could assess probation.

During the hearing on Ortiz=s motion
for new trial, the prosecutor testified regarding the written plea
admonishments given to Ortiz.  The record
indicated that Ortiz understood his plea was an open plea agreement with no
cap.  In addition, he understood that an
open plea was a rejection of the State=s final
plea recommendation.  The record
indicated that on the last page under a certification of appellate rights, the Aplea-bargain@ box was
checked with an offer for six years.

The State=s
attorney stated that because the plea offer had been changed, the judge checked
the box: AThis is not a plea-bargain case,
and the Defendant has the right to appeal.@  When the paperwork was initially filled out,
the plea offer was written into the documents, and the trial court wanted the
State=s last
offer placed in the paperwork.  The
assistant district attorney recalled, to the best of his knowledge, he had
never made an agreement with a cap on an open plea.  At the end of the hearing, the trial court
denied Ortiz=s motion for new trial because
the paperwork contained a proper admonishment on the range of punishment to an
open plea. This appeal followed.

 

 








III. 
Standard of Review

We review the denial of a motion for new trial
under the abuse of discretion standard.  Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); Dunklin v. State,
194 S.W.3d 14, 19 (Tex. App.CTyler
2006, no pet.).  We must determine
whether the trial court=s ruling was arbitrary or
unreasonable,  that is, was without
reference to any guiding rules or principles, Lewis, 911 S.W.2d at 7; Montgomery
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990), and we are to presume
on appeal that the trial court properly exercised its discretion.  Beard v. State, 385 S.W.2d 855, 856
(Tex. Crim. App. 1965); Dunklin, 194 S.W.3d at 19.  When the trial judge acts as a fact-finder at
a new trial hearing and evaluates any basis and the credibility of the
defendant=s testimony, the judge is not
required to accept that testimony as true, whether controverted or not.  See Messer v. State, 757 S.W.2d 820,
828 (Tex. App.CHouston [1st Dist.] 1988, pet.
ref=d).  Here, Ortiz challenges the voluntariness of
his plea, and under these circumstances, we examine the record as a whole.  See Williams v. State, 522 S.W.2d 483,
485 (Tex. Crim. App. 1975). 

IV. 
Admonishment








Before a trial court can accept a plea of guilty,
the accused must be admonished, orally or in writing, by the trial court of the
consequences of the plea, including the range of punishment, and the trial
court must determine that the plea is voluntary.  Tex.
Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2007); Ribelim v.
State, 1 S.W.3d 882, 883-84 (Tex. App.CFort
Worth 1999, pet. ref=d).  The purpose of admonishments is to see that
the plea is entered into knowingly and voluntarily.  See Carranza v. State, 980 S.W.2d 653,
656 (Tex. Crim. App. 1998); Ex parte Evans, 690 S.W.2d 274, 276 (Tex.
Crim. App. 1985).  If the court=s
admonishments are written, the accused and his counsel are required to sign a
statement that the admonishments are understood and that the accused is aware
of the consequences of the plea.  Tex. Code Crim. Proc. Ann. art.
26.13(d).  This admonishment creates a
prima facie showing that the plea was in fact entered into knowingly and
voluntarily.  Fuentes v. State,
688 S.W.2d 542, 544 (Tex. Crim. App. 1985). 
Part of a required guilty-plea admonishment is as follows: 

[T]he fact that the
recommendation of the prosecuting attorney as to punishment is not binding on
the court.  Provided that the court shall
inquire as to the existence of any plea bargaining agreements between the state
and the defendant and, in the event that such an agreement exists, the court
shall inform the defendant whether it will follow or reject such agreement in
open court and before any finding on the plea. 
Should the court reject any such agreement, the defendant shall be
permitted to withdraw his plea of guilty or nolo contendre.

 








Tex. Code Crim. Proc. Ann. art.
26.13(a)(2).  With regard to this
admonishment, substantial compliance is sufficientCan
exception being the accused shows that he was misled or otherwise harmed from
the substantial compliance.  See  Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998); Grays v. State, 888 S.W.2d 876, 878 (Tex. App.CDallas
1994, no pet.).  Normally, an open plea
waives non-jurisdictional error that may have occurred prior to the plea, but
this is inapplicable where it is asserted the plea is involuntary.  See Flowers v. State, 935 S.W.2d 131,
133 (Tex. Crim. App. 1996), disapproved on other grounds by Cooper v. State,
45 S.W.3d 77 (Tex. Crim. App. 2001); Shallhorn v. State, 732 S.W.2d 636,
637 (Tex. Crim. App. 1987).  The Abottom
line@ is that
when an open plea of guilt is made, the accused cannot complain on appeal about
the article 26.13 admonishment unless he shows that the plea was unknowing and
involuntary, which is what Ortiz complains of here.  See Anderson v. State, 985 S.W.2d 195,
197 (Tex. App.CFort Worth 1999, pet. ref=d) (op.
on reh=g); Brown
v. State, 915 S.W.2d 533, 536 (Tex. App.CDallas
1995), aff'd, 943 S.W.2d 35 (Tex. Crim. App. 1997). 

V. 
Analysis

A.  Ortiz

Ortiz points to the following to show his plea
was unknowing and involuntary when it was made: 









a) the written
admonishments included a checked box indicating that Ortiz was entering a plea
of guilty under a plea agreement; 

 

b) on the same page
within the document, another box was checked indicating Ortiz had the right to
appeal and that A[t]his is not a
plea-bargain case and the defendant has a right to appeal; 

 

c) Ortiz testified that
the trial court started reading the file and never mentioned if the range of
punishment was two to ten or anything like that to him; 

 

d) the lack of clarity
within the written plea admonishments combined with his trial counsel=s belief that the trial
court could give him probation, including deferred adjudication, misled or
harmed him to unknowingly and involuntarily enter an open guilty plea; 

 

e) Ortiz did not fully
understand the range of punishment based on the totality of the circumstances
raised within the motion for new trial; and 

 

f) Ortiz=s range-of-punishment
expectations were based on the failure to clarify the conflicts and confusion
within the written plea admonishments, and that failure created the harmful
reversible error in the instant case. 

 

B.  The
State

The State points to the following to show that
Ortiz=s plea
was made knowingly and voluntarily.  

a) The record shows that
Ortiz personally signed (in three places) written plea admonishments.  Among the facts discussed in the plea
admonishment document are that the range of punishment was two to ten years;
that Ortiz was making an open plea; that plea recommendations are not,
generally, binding upon the court; and that the trial court was entitled to set
Ortiz=s punishment anywhere
within the range provided for this crime.








b) The plea papers
contained the following express admonishment regarding open pleas made to the
court: Open Plea (No Agreement): If you have pleaded guilty without a plea
agreement, the plea proceeding is your trial. 
If the Court finds you guilty, your punishment can be set anywhere
within the range of punishment prescribed by law for the offense.  If you are eligible, you may receive deferred
adjudication or community supervision, but there is no assurance that you
will.  Once the Court has accepted your
plea of guilty, you cannot withdraw your plea without permission from the
Court.

 

c) The entire document
was read by or read to Ortiz and contains an averment from Ortiz saying, AI understand the
foregoing admonishments from the Court and am aware of the consequences of my
plea.@

 

d) When first asked about
the plea papers by his own attorney, Ortiz waffled, saying he did not
understand, and then testified that he did not sign the plea paperwork.  However, when confronted with the actual
document, he agreed that it bore his signature.

 

e) Ortiz can read and
write English, which is his first language. 
He grew up in the United States and has a GED.

 

f) Ortiz is
well-acquainted with the criminal justice system and, thus, is familiar with
the process and ranges of punishment.

 

g) Ortiz=s trial attorney is a
board-certified attorney who has practiced criminal law for fourteen years.

 

h) Ortiz understood that
the range of punishment was two to ten years= confinement and this information was conveyed to
Ortiz.  The risks of an open plea were
described by Ortiz=s counsel, who  reviewed the plea admonishments with Ortiz,
specifically going over the AOpen Plea@ paragraph with Ortiz by reading it to him, and
opined that Ortiz understood the consequences of entering an open plea.

 








i) There was no six-year
cap on punishment, nor was one ever conveyed to Ortiz.

 

j) Ortiz=s trial counsel believed
that, at the time the judge actually took the plea, the range of punishment was
once again discussed. Trial counsel concluded that Ortiz entered his plea
voluntarily.

 

k) The prosecutor testified that he had never
entered into any type of open plea agreement Awith a
cap.@

C.  Application

Based on the foregoing, particularly focusing on
the statements by Ortiz as well as the documentation bearing his signature, we
cannot say that his plea was unknowing or involuntary or that the trial court
abused its discretion by denying his motion for new trial.  We overrule Ortiz=s sole
point.

VI. 
Conclusion

Having overruled Ortiz=s sole
point, we affirm the judgment of the trial court.

 

 

BOB
MCCOY

JUSTICE

 

PANEL A:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 31,
2008

 











[1]See Tex. R. App. P. 47.4.